Hendricks *vs.* The Western and Atlantic Railroad Company.

CHARITY A. HENDRICKS, plaintiff in error, *vs.* THE WESTERN AND ATLANTIC RAILROAD COMPANY, defendant in error.

In an action by the wife against a railroad company for the homicide of her husband, all the facts and circumstances connected with the killing, or any relation existing by contract or by law between the person killed and the company, which would bar a recovery by him for damages, in case he had not died, apply to and govern the right of the wife.

Husband and wife. *Torts.* Railroads. Before Judge HOPKINS. Fulton Superior Court. October Term, 1873.

Charity A. Hendricks brought case against the Western and Atlantic Railroad Company for $10,000 00 damages,

sustained by her on account of the homicide of her husband, John C. Hendricks, by said defendant, through its negligence. She alleged that her husband was employed as a train hand by the defendant, and whilst in the performance of his duties as such, on the 2d of April, 1872, he was killed by being knocked off the train by the head-sill of Chickamauga bridge, number eleven; that said head-sill was too low to enable him to stand on the top of the train, where the discharge of his duties required him to be.

The defendant pleaded the general issue, and especially the contract under which the deceased was employed, it being similar to that set forth in the preceding case of the *Western and Atlantic Railroad Company vs. Strong*, name and date changed. The court charged the jury, substantially, as it did in that case, so far as the point passed upon in the decision of this is concerned. The jury found for the plaintiff $3,346 00. The defendant moved for a new trial, because the verdict was excessive, contrary to the evidence and to the charge of the court. The motion was sustained, and a new trial ordered. Whereupon the plaintiff excepted.

GARTRELL & STEPHENS; A. W. HAMMOND & SON; HILLYER & BROTHER, for plaintiff in error.

JULIUS L. BROWN, for defendant.

TRIPPE, Judge.

This case comes fully within the ruling in *Western and Atlantic Railroad vs. Mary Strong*, decided at the present term. I will only add that the principle which allows a defendant, when sued by the widow for the homicide of her husband, to set up any defense which would have prevented or lessened the husband's recovery, had he not died, was very clearly recognized in the *Macon and Western Railroad Company vs. Johnson*, 38 *Georgia Reports*, 409; and also during the present term, in the case of *Atlanta and Richmond Air Line Railroad Company vs. Ayres*. In both of these cases it

was held, not only that the contributory negligence of the husband would reduce the amount of the recovery the wife might have been entitled to had he not been negligent, but if the husband could have avoided the consequence to himself, caused by the negligence of the defendant, by the exercise of ordinary diligence on his part, there was no right to any recovery. These were principles not disputed as applicable to the injured party when he sued, and were held, without being questioned, as equally affecting the right of the wife when she sues for the homicide of her husband. And we think they unquestionably do apply to suits by the widow.

Judgment affirmed.