RADEN *et al. vs.* THE GEORGIA RAILROAD.

$\begin{vmatrix} 78 & 47 \\ 102 & 288 \end{vmatrix}$.

Two actions against a railroad company were tried together by consent. The evidence was, in brief, as follows: Two boys, seventeen years of age, started from the house of their employer at night to go to the homes of their mothers for the night. Fifteen or twenty minutes after they left, the service train on the railroad went by. They had had plenty of time to have crossed the railroad and reached home. They were struck by the train at a public road crossing; one of them was killed and the other seriously · injured. The witness by whom the plaintiffs sought to establish their right to recover, testified that the boy who died had told him that they had stopped at the crossing, and the witness was satisfied that they were asleep. The value of their services to their mothers, the plaintiffs, was shown:

*Held,* that a nonsuit was properly granted. To go to sleep on a railroad crossing was such negligence and recklessness as would prevent a recovery, even though the railroad company might have been negligent.

December 7, 1886.

Railroads. Damages. Negligence. Nonsuit. Before Judge LUMPKIN. Taliaferro Superior Court. August Term, 1886.

Reported in the decision.

JOHN C. HART; W. O. MITCHELL, for plaintiffs in error·

J. B. CUMMING; W. M. & M. P. REESE, for defendant.

BLANDFORD, Justice.

Laura Raden sued the Georgia Railroad Company for the homicide of her minor son, John Raden; and Caroline Parker brought her action against same defendant for severe injuries inflicted upon her son, William Parker. The evidence showed that these boys were seventeen years of age; that they were hired to one Durden, and that they were worth per annum seventy-five or eighty dollars each to their mothers, who were widows. Raden

was killed outright, Parker was seriously injured, on the night of the 26th of August, 1885. This occurred on the public crossing. They had left Durden's yard a little while before; he saw them in less than one minute after the train struck them. It was fifteen or twenty minutes from the time they left until the service train went by. They were going to their mothers to lodge. They had plenty of time to have crossed and to have gotten home. William, the dead boy, told the witness that they had stopped there. Witness was satisfied that they were asleep. This was the evidence submitted by plaintiffs, and thereupon the court, upon motion of defendants, awarded a nonsuit in both cases, which were tried together, and this grant of a nonsuit is the error complained of.

As both parties seemed to consider and treat the cases in the court below that these boys were injured while asleep on the public crossing, we will so consider the cases. It is quite manifest, if these boys had been asleep upon the railroad crossing, that their parents could not recover from the railroad company, because the injury was caused by their own negligence, and such is our law as declared in §3034 of the code. Even if the railroad company had been negligent, yet if the person injured could have avoided the consequences thereof to himself by ordinary care, he cannot recover. Code, §2972. So it appears to us that ordinary care would have induced any one not to go to sleep on a crossing of a railroad, and the mere going to sleep on the railroad crossing was great negligence and recklessness on the part of these boys. The testimony submitted by the plaintiffs showed that these injuries were caused by their own negligence and the want of ordinary care to avoid the same.

Judgment affirmed.