## McIVER *v.* GEORGIA SOUTHERN AND FLORIDA RAILWAY COMPANY, and *vice versa.*

1. Apparently, the preponderance of the evidence in this case required a finding that the defendant was not guilty of any negligence; but even upon the contrary assumption, the verdict in the plaintiff's favor was not warranted, for it plainly and affirmatively appeared that the person for whose homicide the action was brought could by the exercise of ordinary diligence have avoided the collision by which his death was occasioned. Though very deaf, and though he had been specially warned of the danger to which, on account of his infirmity in this respect, he exposed himself in going upon the track of a railway company, he voluntarily went upon the defendant's track at a time when he must have known that a train was approaching; and the undisputed facts point irresistibly to the conclusion that he neglected to take any precaution whatever for his safety. That the place on the track where he was killed was constantly used by the public as a pathway furnished no excuse for the failure of the deceased to exercise that degree of care which the law requires of all persons in such a situation and under like circumstances. It follows that the trial judge properly granted a new trial upon the grounds "that the verdict was contrary to law and to the evidence, and without evidence to support it, and under the law and the evidence in the case the plaintiff is not entitled to recover."

2. Except as to the general grounds of the defendant's motion for a new trial, it presents no sufficient cause for setting aside the verdict.

Argued May 11, 12, — Decided July 20, 1899.

Action for damages.   Before Judge Littlejohn.   Dooly superior court.   September term, 1898.

This was an action for damages on account of the killing of the plaintiff's husband, T. S. McIver, by a train on the defendant's railroad.   The trial of the case having resulted in a verdict for the plaintiff, the defendant moved for a new trial. The court granted the motion, upon the ground that " the verdict was contrary to law and to the evidence, and without evidence to support it, and under the law and the evidence in the case the plaintiff is not entitled to recover."   To this the plaintiff excepted; and the defendant, by cross-bill of exceptions, assigned error upon the overruling of other grounds of the motion, and for the refusal to grant a nonsuit.

From the evidence it appears that in the evening, after dark, McIver was walking along the defendant's track in the town of Cordele, near the corporate limits, and going southward in

the direction of his home, which was in the main part of the town, when a regular passenger-train, due there at or about that time, struck him from behind and killed him. This part of the track was in constant use by the public as a pathway, and, at a point variously estimated at from forty to a hundred and ten feet north of where the train struck the deceased, was crossed by a road which was much used, but which, according to some of the evidence, had not been established as a public road; and north of this crossing was another, near which was a blow-post; but the whistle of the locomotive was not blown at the blow-post, nor at any point between it and where the collision occurred. The blow-post was within the corporate limits of the town, and the blowing of locomotive whistles within these limits was prohibited by a municipal ordinance. There was evidence that the train was running at the rate of about forty miles an hour, and without a headlight, and that the bell on the locomotive was not rung nor the speed of the train checked before the deceased was struck; but as to these matters the evidence was conflicting. The engineer in charge of the locomotive testified that the train was running at the rate of about twenty or twenty-five miles an hour, that an oil headlight was burning in front of the engine, that because of the ordinance referred to the whistle was not blown at the blow-post, but the bell was rung; that he was looking ahead, with his hands on the brake-lever, but did not see McIver until he was about sixty or seventy yards from him; that as soon as he saw him he applied the air-brakes, reversed the engine, and made every effort possible to avoid the collision; that the air-brakes were in good working order; that he did not have time to blow the danger-signal after he saw the object on the track; that the sudden application of the brakes makes considerable noise, and ought to be heard thirty or forty yards distant; and that the train stopped when it had run the length of the engine and two cars from the point where the deceased was struck. The cars were from fifty to sixty feet long. The train was going down grade. The engineer's testimony was supported by that of the fireman. The latter testified that he was ringing the bell of the engine when the train entered the limits of the town and until the

deceased was struck, and that he first saw the man on the track
when he was about sixty or seventy yards from him. So far
as appears, the deceased did ·not see or hear the train. He was
deaf, and, according to the testimony of a section foreman of
the defendant, had, for that reason, been warned at different
times against walking on the track. This witness testified that
on two occasions, while running a crank-car, he came very
near running over McIver, and that on one occasion he blew
a pocket-whistle and holloed several times to McIver to get off
the track, and the car was about ten feet from him when he
got off. Parallel to the railroad, and a short distance from it,.
were streets leading to the main part of the town.

*Guerry & Hall* and *J. T. Hill*, for plaintiff, cited: 18 *Ga.* 684;.
74 *Ga.* 857; 84 *Ga.* 774, 784; 87 *Ga.* 7; 103 *Ga.* 655; 36
Am. & Eng. R. Cas. 151; 28 Am. Rep. 632; Civil Code, §§5477,.
5482; 59 *Ga.* 124; 64 *Ga.* 437; 69 *Ga.* 678; 70 *Ga.* 196; Id.
474; 74 *Ga.* 176.

*Hall & Wimberly* and *Thomson & Whipple*, for defendant,.
cited: 37 *Ga.* 593; 70 *Ga.* 207; 78 *Ga.* 47; Id. 694; 82 *Ga.*
667; Id. 801; 87 *Ga.* 272; 93 *Ga.* 369; 102 *Ga.* 285; 103 *Ga.*
224; 8 Ohio St. 570; 9 Ore. 417; 62 Ind. 566–572; 56 Ind. 396;
49 Ind. 239; 81 Pa. St. 366; 34 Am. & Eng. R. Cas. 37; Thomp.
Neg. 430; Shearm. & Redf. Neg. §488; Patterson, Ry. Acc.
Law, 75, §78: Civil Code, §3830; 97 *Ga.* 497.

LUMPKIN, P. J. 1. As to the merits of this case, we fully
agree with the trial judge in holding that, under the law and
the facts as disclosed by the record, there could be no lawful
recovery in the plaintiff's favor. It was, therefore, not erro-
neous to sustain the general grounds of the motion for a new
trial filed by the railway company. The law, as laid down in
section 5585 of the Civil Code, being that the first grant of a
new trial will not be disturbed by the Supreme Court unless
"the law and facts require the verdict," a judgment granting
a first new trial will certainly be affirmed when it plainly ap-
pears that the verdict which the court set aside was wrong.

2. This motion for a new trial also complained of certain
charges which the court gave to the jury, and also of a refusal
to charge a written request. The company by a cross-bill of

exceptions assigns error upon the overruling of the special grounds of its motion. The charges just referred to were, in the abstract, correct propositions of law, and we do not understand that they are excepted to as being otherwise. Counsel for the company insisted, however, that these charges were erroneous because the court failed to give in connection therewith a certain instruction which counsel contended was pertinent and applicable to the case. We do not think this is the proper way in which to make a question of this kind. If counsel desired any particular principle of law to be given in charge, they should have submitted to the court an appropriate request in writing. Or, if the principle in question was one necessarily involved in the trial, they ought, independently of other matters, to have excepted to the failure of the judge, even though not so requested, to charge the jury thereon. In point of fact, the present record discloses that the court did in its charge substantially give to the jury the instruction which counsel for the railway company contend was omitted.

As to the written request to charge, there was no error in refusing to give it, for it assumed, that the deceased was a trespasser, whereas there was evidence warranting a finding that he was a licensee. Furthermore, it appears from the record that the judge in his charge did instruct the jury, in substance, that the deceased was to be regarded as a trespasser; so the company has no just cause of complaint that the request presented by it was not also given.

*Judgment on both bills of exceptions affirmed. All concurring.*