ROACH *v.* ATLANTA, KNOXVILLE & NORTHERN RAILWAY COMPANY.

TURNER, J.   Where a very deaf man voluntarily walked upon the track of a railroad company at a time when a regular passenger-train was due, and was killed by the train, he failed to exercise ordinary diligence to avoid the collision by which his death was occasioned.   That the part of the track where he was killed was constantly used by the public as a pathway furnished no excuse for the failure of the deceased to exercise that degree of care which

the law requires of all persons in such a situation and under like circumstances. *McIver* v. *Georgia Southern Ry. Co.*, 108 *Ga.* 306. It follows that the trial judge properly sustained the demurrer to the petition, from which it appeared that the plaintiff's deceased husband had been killed under the circumstances above indicated.

*Judgment affirmed.   All the Justices concur.*

Submitted November 4,—Decided November 28, 1903.

Action for damages.    Before Judge Gober.    Cherokee superior court.    August 6, 1903.

The action was on account of the killing of the plaintiff's husband by a train of the defendant.    The petition alleged, that he "was walking on defendant's railroad at a point about 400 yards below the crossing immediately south of the town of Canton, and within the corporate limits of the town and at a place on defendant's road where the public are accustomed to walk with the tacit permission of the defendant, it (the railway company), its agents and servants, having knowledge of the use of its right of way by the public going from the town of Canton . . south toward the mill of J. A. Scott, near which the deceased lived when he was killed;" that he "was killed by the defendant's regular mail train which passed Canton at or near five o'clock in the afternoon of September 20, 1902;" that he "was very deaf—almost totally deaf, and could not hear the approach of defendant's train, but the engineer saw him when more than 300 yards from him, and blew the signal and continued to blow the signal for him to leave the track;" that he gave no attention to the signal, and the engineer, with the warning given by his inattention to the signal, recklessly and negligently continued the high rate of speed of twenty miles per hour, or more, and made no effort to check the speed of the train until too late to save his life;" that "it was the duty of defendant's engineer, when the deceased gave no attention to the signal, to check the speed of the train and to continue to check it and do all in his power to save deceased's life, when he saw him in a place of peril of which he was unaware;" and that "the failure to do so was negligence, and such negligence caused him his life."

A general demurrer was sustained, and the plaintiff excepted.

*J. S. DuPre* and *P. P. DuPre*, for plaintiff, cited *Georgia Reports*, 60/441, 340 ; 70/246 ; 71/427, 444 ; 105/101 ; 111/839 ; 113/708.    108 *Ga.* 306, distinguished.

*Clay & Blair, Smith, Hammond & Smith,* and *E. W. Coleman,* for defendant, cited Civil Code, §§ 2322, 2830; *Ga. Reports* 112/181–3; 108/306; 105/100; 104/243; 102/287; 101/420; 95/361; 94/560; 83/595; 82/801; 78/694; 70/208, 209; 28/93; 27/119; 19/445.