### 4437.  SOUTHERN RAILWAY COMPANY *v.* LOFTON.

RUSSELL, J.  1. The court did not err in overruling the demurrer.

(a) It is for the jury, and not for the court, to say whether it is want of ordinary care for a licensee, who does not know that a train is due or coming, to step upon a railroad track without looking for the approach of a train. Failure to look out for a train may be such negligence as

will defeat a recovery for any injuries which might have been avoided by the injured party, but the question whether, under the facts and circumstances of a particular case, it was the duty of the licensee to look and listen (or look, if a deaf man) is for determination by the jury.

(b) In an action by a wife against a railway company for the killing of her husband it was alleged, that he was proceeding along a pathway between the main line and a side-track on the north side of the main line to the defendant's depot, for the purpose of becoming a passenger upon one of the defendant's trains; that the pathway was such that the defendant was bound to anticipate the presence of pedestrians thereon, and that it crossed to the south side of the defendant's main line to the usual place of taking on and putting off passengers at the defendant's depot; that as he was crossing this track, at the usual and customary place, in plain view of the defendant's engineer, he was struck and killed by an engine which was forty feet away at the time he started to cross, and which was running at a speed of from 15 to 20 miles an hour, although a municipal ordinance forbade that the train should be operated at a greater rate of speed than 6 miles per hour; that the deceased was hard of hearing, but the employees of the railway company did not blow a whistle, sound a bell, or give any other signal as required by law, when approaching the crossing mentioned in the petition; and even after they saw him, or could have seen him if they had been keeping a lookout in anticipation of his presence at that time and place, the emergency brakes were not applied, nor any other effort made to slacken the speed of the train. It was alleged that the defendant was negligent in failing to anticipate the presence of pedestrians, or to keep a proper lookout, and in operating the train at from 15 to 20 miles an hour, in violation of a municipal ordinance; and that the train might have been stopped by the use of emergency brakes before reaching the point where the deceased was struck, if any effort had been made to stop it after the defendant's servants in charge of the train became aware of his presence upon the track. *Held:* The petition shows a case for submission to a jury, in order that they may determine, in the light of any evidence that may be submitted, whether the running of the train in the place in question, at the speed designated, was in violation of the alleged municipal ordinance, and was, for this or any other reason, negligence as related to the deceased; whether the engineer, under the circumstances, should have looked out for the deceased; and if so, whether he failed to perform that duty. Furthermore, in view of the amendment alleging wilful and wanton negligence, the jury may find, if the allegations of the petition be supported by evidence, that the negligence of the defendant's agents was so gross as to be wanton. The decision in this case is controlled by the rulings of the Supreme Court in *Crawford* v. *Southern Railway Co.*, 106 *Ga.* 790 (33 S. E. 826), and *Ashworth* v. *Southern Railway Co.*, 116 *Ga.* 635 (43 S. E. 36, 59 L. R. A. 592).                                    *Judgment affirmed.*

POTTLE, J. I concur in the judgment of affirmance solely on the ground that in the petition as amended it is alleged that after the defendant's servants saw the person for whose homicide the suit is brought, and observed his presence in a position of peril, they could, in the exercise

of ordinary care, have avoided killing him.  Under the facts alleged, the plaintiff is not entitled to recover for mere negligence less than wilfulness and wantonness.  *McIver* v. *Georgia Southern & Florida Railway Co.*, 108 *Ga.* 306 (33 S. E. 901); *Roach* v. *Atlanta Railway Company*, 119 *Ga.* 98 (45 S. E. 963); *Georgia Railroad Co.* v. *Williams*, 3 *Ga. App.* 274 (59 S. E. 846); *Central of Georgia Railway Co.* v. *Mullins*, 7 *Ga. App.* 381 (66 S. E. 1028).

DECIDED AUGUST 16, 1913.

Action for damages; from city court of Baxley—Judge Sellers. August 24, 1912.

*Bennet, Twitty & Reese, J. B. Moore,* for plaintiff in error.
*Parker & Highsmith,* contra.