## NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY *et al. v.* WYETTE.

FISH, C. J. 1. An action was brought by a widow against a railway company and one of its locomotive engineers, for damages on account of the homicide of the plaintiff's husband. By the evidence submitted on the trial the following facts were established: The deceased was a man about sixty-five years old, and "hard of hearing." He and his family had resided for three or four years, "off and on," within about twelve or fifteen feet from the defendant's right of way, and about "a half a quarter of a mile" from a trestle over which the railway-track passed. . The trestle was high and about seventy-five feet in length. The deceased had been walking across the trestle several times on each workday for some weeks prior to the time he was killed, and had been warned several times as to the danger in using the trestle as a footway. One morning about 8:30 o'clock, when going to his work and intending to walk over the trestle, he stopped when he reached it and looked and listened to ascertain whether a train was approaching from the direc-

tion of his home; he neither saw nor heard such a train; he then undertook to walk over the trestle, but before getting over a train overtook him and killed him.  This train was a regular one, making several trips a day over the trestle, and was due to pass there in the morning at about 8 o'clock, but on this occasion it was about thirty minutes late.  It was going down grade.' About one hundred yards from the end of the trestle in the direction from which the train was approaching there was a curve of the track in a cut, which prevented those on the engine from seeing a person on· the trestle until the train emerged from the cut.  The engineer of the locomotive which killed the plaintiff's husband testified that he was on the lookout and saw the deceased as soon as he could have been seen by one driving the engine, and that as soon as the deceased was seen the engineer immediately put on the emergency brakes, sanded the track, and did all that could possibly be done to stop ·the train before it struck the deceased.  The testimony of the fireman and the front brakeman corroborated the engineer's testimony.  A witness for the plaintiff, who had formerly been an engineer, did not agree with the engineer driving the locomotive which struck the deceased, as to ·the distance in which the train under all the circumstances could have been stopped, but he admitted that the distance would vary under certain circumstances, and that the engineer in charge of the locomotive would know better than any one else whether he stopped the train in as short distance as possible.  *Held:* The plaintiff's husband failed to exercise ordinary diligence to avoid the collision which resulted in his death. Those in charge of the running of the defendant company's train did not fail to exercise ordinary care to prevent injury to the plaintiff's husband after his danger was apparent or after it should have been apparent by the exercise of ordinary care.  Even if the evidence authorized a finding that the trestle was used by the public as a pathway, this furnished no excuse for the failure of the deceased to exercise that degree of care which the law requires of all persons in such situation and under like circumstances.  *McIver* v. *Georgia Southern & Fla. Ry. Co.,* 108 *Ga.* 306 (33 S. E. 901) ; *Roach* v. *A., K. & N. Ry. Co.,* 119 *Ga.* 98 (45 S. E. 963) ; *Moore* v. *So. Ry. Co.,* 136 *Ga.* 872, 876 (72 S. E. 403) ; *Phillips* v. *E. T., Va. & Ga. Ry. Co.,* 87 *Ga.* 272 (13 S. E. 644) ; *Central of Ga. Ry. Co.* v. *Tapley,* 145 *Ga.* 792 (89 S. E. 841).  Under the facts disclosed by the record and the law applicable thereto, no lawful recovery could be had by the plaintiff, and the court erred in not granting the defendants a new trial on the general grounds that the verdict for the plaintiff was contrary to law and the evidence and without evidence to support it.

2. The questions raised by the demurrer to the petition and the plea in abatement, not being argued in the brief of counsel for the plaintiff in error, will be considered as abandoned.

*Judgment reversed.   All the Justices concur.*

DECEMBER 14, 1916.

Action for damages.   Before Judge Fite.   Bartow superior court. October 30, 1915.

*Tye, Peeples & Jordan* and *Neel & Neel,* for plaintiff in error.

*J. J. Copeland, M. C. Tarver,* and *Finley & Henson,* contra.