## LOWE *v.* PAYNE, director-general.

Where one was sitting or lying in an exposed position on or near the track of a railroad company, and where such conduct was unexcused and unexplained, save that it indisputably appeared that he had been drinking intoxicating liquors, and, while in such exposed position on the track, was struck and killed by a train of the railroad company, his voluntary exposure of himself to danger precludes a recovery for the homicide in consequence of the negligence of the railroad company's agents and employees, in the absence of willful and wanton negligence on the part of the employees of the company engaged in the operation of the train, though the place at which the decedent was lying or sitting upon the track was one at which it was the duty of the employees of the defendant company to have anticipated the presence of pedestrians upon its tracks, and though the jury would have been authorized to find, under the facts, that the employees of the company failed to exercise ordinary care to discover the exposed condition of the decedent.

No. 3496.  SEPTEMBER 8, 1923.

The Court of Appeals requested instructions from the Supreme Court upon the following questions involved in this case (No. 13320):

1. Where, under the evidence, the jury might have found that it was the duty of the employees of the defendant railway company to have anticipated the presence of pedestrians upon its track at the time and place of the homcide (*Central of Ga. Ry. Co.* v. *Tapley,* 145 *Ga.* 792 (3), 89 S. E. 841; *Wright* v. *Southern Ry. Co.,* 139 *Ga.* 448-450, 77 S. E. 384), but where it indisputably appears that the decedent had been drinking, and was then and there sitting or lying in an exposed position on or near the track at about daybreak on a foggy morning, and where such conduct on his part is unexplained and unexcused, — does such unexplained and unexcused conduct of the decedent constitute such negligence as would preclude a recovery by the plaintiff on account of the defendant's negligence in failing to anticipate the presence of trespassers at such time and place, so that, after it should have thus discovered the decedent and his perilous situation, it could thereafter have used all ordinary and reasonable means to protect him?

2. In other words, could a railway company be held liable on the theory of willful and wanton negligence in failing to discover the presence of a trespasser, at a time when and a place where it was under the duty of anticipating the presence of pedestrians, even though the trespasser was himself guilty of unexplained and unexcused negligence in then and there voluntarily exposing himself upon the track while in a helpless condition? See *Central of Ga. Ry. Co.* v. *Tapley,* 145 *Ga.* 792 (4) (89 S. E. 841); *Raden* v. *Ga. R.,* 78 *Ga.* 47; *Parish* v. *Western & Atlantic R. Co.,* 102 *Ga.* 285, 291 (29 S. E. 715, 40 L. R. A. 364); *Ashworth* v. *Southern Ry. Co.,* 116 *Ga.* 635 (43 S. E. 36, 59 L. R. A. 592); *Southern Ry. Co.* v. *Chatman,* 124 *Ga.* 1026 (53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675); *Central of Ga. Ry. Co.* v. *Pelfry,* 11 *Ga. App.* 119 (74 S. E. 854); *Central of Ga. Ry. Co.* v. *Thompson,* 25 *Ga. App.* 715 (104 S. E. 515); *Tice* v. *Central of Ga. Ry. Co.,* 25 *Ga. App.* 346, 347 (103 S. E. 262), and cases there cited.

3. If the second question should be answered in the affirmative, does the fact that the homicide occurred at about daybreak on a foggy morning necessarily take the case from within such legal rule?

*F. U. Garrard, W. R. Flournoy,* and *A. S. Bradley,* for plaintiff.

*Battle & Arnold,* for defendant.

HINES, J.   Where the plaintiff by the exercise of ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover.   Civil Code (1910), §§ 2781, 4426.   This clearly is the rule where the person injured is the plaintiff and is suing for an injury to his person. This principle is also applicable to cases in which plaintiffs are suing for the homicide of others.   In *Macon & Western R. Co.* v. *Johnson,* 38 *Ga.* 409, 431, which was an action by a widow against a railroad company for the homicide of her husband, the court used this language: "The man who neglects ordinary care to avoid an injury has no right to seek redress, if that injury is produced by the negligence of another; and we see nothing in the character of a railroad company which should subject it to damages for an injury caused by the neglect of its agents, where the person injured might, by the exercise of ordinary care, have avoided the consequences to himself."   In *Hendricks* v. *W. & A. R. Co.,* 52 *Ga.* 467, this court held that in an action by the wife against a railroad company for the homicide of her husband, any facts and circumstances which would bar a recovery by him for damages, in case he had not died will bar the wife from recovering.   In *Southwestern R. Co.* v. *Johnson,* 60 *Ga.* 667, this court said: "As the evidence discloses that plaintiff's husband, by the exercise of ordinary diligence, could have avoided the injury to himself, even though the defendant was negligent, the verdict finding damages for his widow was contrary to law."   In that case the action was by a widow against the railroad company for the homicide of her husband, who was killed while lying on the defendant's track at a place where a public road crossed the same; the negligence of the defendant's employees consisting in failing to blow the whistle and check the speed of the train in approaching this public crossing.   Clearly it was the duty of these employees to anticipate the presence of travelers upon a public-road crossing and to look out for them.

Many decisions of this court could be cited which apply this principle, both where the plaintiffs are the persons injured but not killed, and where the plaintiffs are suing for the homicide of the persons who were injured and killed.   The principle has likewise been applied where the injuries were inflicted or the homicides were perpetrated on the tracks of railroads at places where it was

the duty of railroad employees to anticipate the presence of persons on their tracks. As to the first class of cases, where the persons injured were not killed, see *Stiles* v. *A. & W. P. R. Co.,* 65 *Ga.* 370; *Central Railroad* v. *Brinson,* 70 *Ga.* 207 (3); *W. & A. R. Co.* v. *Bloomingdale,* 74 *Ga.* 604; *Southern Ry. Co.* v. *Blake,* 101 *Ga.* 217 (29 S. E. 288), an injury at a public crossing in a city; *Harris* v. *Southern Ry. Co.,* 129 *Ga.* 388 (58 S. E. 873). For cases of the second class, or actions against railroad companies for homicide, in which the foregoing principle has been applied, see *Berry* v. *Northeastern R. Co.,* 72 *Ga.* 137; *Raden* v. *Georgia Railroad,* 78 *Ga.* 47; *Central R. Co.* v. *Denson,* 84 *Ga.* 774 (11 S. E. 1039); *Atlanta &c. Ry. Co.* v. *Gravitt,* 93 *Ga.* 369 (5) (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145); *Parish* v. *W. & A. R. Co.,* 102 *Ga.* 285 (29 S. E. 715, 40 L. R. A. 364); *W. & A. R. Co.* v. *Bailey,* 105 *Ga.* 100 (31 S. E. 547); *Ga. R. &c. Co.* v. *Fitzgerald,* 108 *Ga.* 507, 508 (34 S. E. 316, 49 L. R. A. 175); *Hopkins* v. *So. Ry. Co.,* 110 *Ga.* 85 (35 S. E. 307); *Fowler* v. *Georgia Railroad Co.,* 133 *Ga.* 664 (66 S. E. 900); *Moore* v. *So. Ry. Co.,* 136 *Ga.* 872 (72 S. E. 403); *Central Ry. Co.* v. *Tapley,* 145 *Ga.* 792 (5) (89 S. E. 841); *N., C. & St. L. Ry.* v. *Wyette,* 146 *Ga.* 294 (91 S. E. 69); *Walker* v. *W. & A. R. Co.,* 146. *Ga.* 296 (91 S. E. 44). But this well-established rule is not without qualification and exception. If the negligence of the employees of the railroad company is so gross as to amount to wanton and willful negligence, such want of ordinary care by the person injured or killed to avoid the consequences of it would be no bar to a recovery for the injury. *Central R. Co.* v. *Denson,* and *W. & A. R. Co.* v. *Bailey,* supra. In his concurring opinion in the *Denson* case, Judge Bleckley said: " Against liability for mere negligence resulting in injury or death, the failure of the suffering party in ordinary care, where the disaster could have been shunned by the exercise of such care on his part, will be a defence; but wilful or wanton torts cannot be defended by showing that the victim was a wrong-doer and that he recklessly exposed his own life." In our opinion this sets forth a sound exception to the general rule that a person injured can not recover if by the exercise of ordinary care he could have avoided the consequences of the negligence of the employees of the railroad company.

From these and other decisions of this court we deduce these

propositions of law, applicable to the case in hand, to wit: (1) If a homicide occurs at a place upon the track of a railway company, where it was the duty of the servants of the company to anticipate the presence of persons on the track, and their failure to so anticipate the presence of others thereon amounts to mere negligence, the negligence of the person killed, under such circumstances, amounting to the lack of ordinary care for his safety, and where the person killed could by the exercise of ordinary care have avoided the consequences to himself of such negligence of the servants of the company, will prevent a recovery by a plaintiff who sues for such homicide. (2) But if the servants of the company were guilty of willful and wanton negligence, which resulted in the homicide of the person killed, then the negligence of the person killed, however gross, will not defeat a recovery of damages for such homicide by a plaintiff who is entitled under the law to sue therefor.

We do not think that the cases of *Wright* v. *Southern Ry. Co.*, *Central Ry. Co.* v. *Tapley*, and *Walker* v. *W. & A. R. Co.*, supra, conflict with the views above expressed. In the *Wright* and *Walker* cases this court was dealing with the question whether it was the duty of the servants of a railroad company to anticipate the presence of persons upon the tracks of the company, where the public had been accustomed to use them with the knowledge and implied consent of the company. In the *Tapley* case the principle that the negligence of the injured person, amounting to want of ordinary care, would bar a recovery, was distinctly recognized. Under the principles above announced, how should the questions of the Court of Appeals be answered? The deceased was lacking in ordinary care to prevent the consequences to himself of the defendant's negligence. *Southwestern R. Co.* v. *Johnson, Southwestern R. Co.* v. *Hankerson, Raden* v. *Georgia Railroad, Parish* v. *W. & A. R. Co.*, *Fowler* v. *Georgia Railroad, Moore* v. *Southern Ry. Co.*, supra. This negligence of the decedent precludes a recovery by the plaintiff for his homicide, in the absence of willful and wanton negligence on the part of the servants of the defendant. Construing the questions propounded by the Court of Appeals to mean that there are no facts or circumstances in the case to show willful and wanton negligence on the part of the servants of the railroad, except their neglect to anticipate the presence of the person killed on

the track, and that the negligence. of these servants amounted to mere negligence, we answer the first question in the affirmative and the second question in the negative. If these questions should be construed to mean that there were facts and circumstances showing wanton and willful negligence on the part of the servants, we would answer the first question in the negative and the second in the affirmative.                    *All the Justices concur.*