18038.  JONES, administrator, *v.* SOUTHERN RAILWAY COMPANY,
et al.

JENKINS, P. J.   1. Under the ruling in *Lowe* v. *Payne,* 156 *Ga.* 312 (118
S. E. 924), unless it is specifically made to appear that the failure of
the servants of a railroad company to comply with a proved duty
to anticipate the presence of persons upon the company's track at the
time and place at which the trespasser was killed, was not only neg-
ligence, but, under the particular facts and circumstances, amounted
to wantonness, or unless the facts indicate that the servants of the
defendant were in other respects guilty of wilful or wanton miscon-
duct contributing to the homicide, the failure of the deceased tres-
passer to exercise ordinary care for his own safety, in knowingly and
voluntarily exposing himself to imminent peril upon the tracks of
the defendant company, would bar a recovery on account of his homicide.
2. The facts of the instant case are very similar to those indicated in
*Atlantic Coast Line R. Co.* v. *Fulford,* 159 *Ga.* 812, 33 *Ga. App.* 631
(127 S. E. 274, 812).   Here, as in that case, the action is grounded
upon mere negligence, the plaintiff in the case at bar having specifically
stricken from his petition all allegations charging that the acts of
negligence set forth amounted to wilful or wanton misconduct on the
part of the defendant.   Wilful or wanton negligence on the part of
the defendant being essential to a recovery, and the plaintiff, by his
own interpretation of his petition, having eliminated any possible con-
struction that the facts narrated were intended to set forth wilful or
wanton misconduct, and it not appearing that, even in the absence of
such interpretation by the plaintiff, they could properly be so ad-
judged, the court did not err in granting a nonsuit.
3. The exception to the refusal of the court to admit certain evidence
offered by the plaintiff for the stated purpose of showing the number
of persons counted by a witness as passing over the track where the
homicide occurred, within a stated period of time, is insufficient to
present any question for determination by this court, since it nowhere
appears from the record at what time, with reference to the homicide,
the event sought to be proved occurred, and the only assignment of
error is that to the ruling made the plaintiff "then and there excepted,
now excepts, and assigns the same as error."

        *Judgment affirmed.   Stephens and Bell, JJ., concur.*

                DECIDED NOVEMBER 21, 1927.

Action for damages; from Fulton superior court—Judge E. D.
Thomas.   January 21, 1927.

*E. R. Hill, V. E. Adams,* for plaintiff.
*McDaniel & Neely,* for defendant.

---

Appeal and Error, 3 C. J. p. 1370, n. 32; p. 1372, n. 41.
Dismissal and Nonsuit, 18 C. J. p. 1187, n. 60.
Railroads, 33 Cyc. p. 769, n. 75; p. 770, n. 77; p. 869, n. 45.