21757. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* JOHNSTON.

SUTTON, J. 1. In a suit against a railroad company to recover damages for injuries to the plaintiff in a collision between an automobile and a train of cars at a public crossing, where it appeared from the evidence, without dispute, that the train which struck the automobile was at the time running backward in the switching of cars, and was at the same time rounding a curve, and that the several cars which preceded the engine, together with the curvature of the track, wholly and absolutely prevented the engineer from maintaining a constant and vigilant lookout along the track ahead of the cars and in the direction in which the cars were moving, and where the evidence showed that the conductor in charge of the train was stationed at the crossing to give warning to persons or vehicles approaching, the court did not err in instructing the jury that "the law requires that the . . engineer or person in charge of said train, while approaching said crossing, shall keep and maintain a constant and vigilant lookout along the track ahead of said engine, that is, the direction in which the train is moving, and shall otherwise exercise due care in approaching said crossing and street, in order to avoid doing injury to any person or property which may be upon such crossing." Ga. L. 1918, p. 212; Park's Code Supp. 1922, § 2677(b), 2677(d); 52 C. J. 213.

2. The court did not err in charging the jury that it would be the duty of the railroad company to anticipate the presence of persons upon the highway or street, the collision having occurred at a public crossing. The law, in requiring the agents and employees of railway companies to perform specific acts of diligence in approaching public crossings, necessarily implies that it is the duty of the companies to anticipate that

persons may be present at such crossings. *Bullard* v. *Southern Railway Co.*, 116 *Ga.* 644 (43 S. E. 39); *Lowe* v. *Payne*, 156 *Ga.* 312, 314 (118 S. E. 924); *Southern Railway Co.* v. *Slaton*, 41 *Ga. App.* 759 (2) (154 S. E. 718).

4. The judge's charge was not subject to the criticism that it contained an expression of opinion as to what had been proved.

5. The evidence authorized the verdict, and the court did not err in refusing the defendant's motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 26, 1932.

*Rosser & Shaw, Maddox, Matthews & Owens,* for plaintiff in error.

*Andrews & Shattuck, R. Carter Pittman,* contra.