22778. POTTS *v.* SOUTHERN RAILWAY COMPANY *et al.*

JENKINS, P. J. 1. Under the facts set forth in the petition, the deceased did not occupy the status of a licensee, but his status was that of a trespasser only; the purport of the plaintiff's allegations clearly being that the only consent by the defendant to the use of the path where the deceased was walking on its right of way at the time of his death is that it permitted such use by the general public for a period of more than seven years. *Central of Ga. Ry. Co.* v. *Tapley*, 145 *Ga.* 792 (3) (89 S. E. 841).

2. This case is controlled, adversely to the contentions of the plaintiff, by the ruling of the Supreme Court in *Lowe* v. *Payne*, 156 *Ga.* 312 (118 S. E. 924), and by *Young* v. *South Ga. Ry. Co.*, 34 *Ga. App.* 537 (130 S. E. 542), following the *Lowe* case. Under the ruling of the 1st paragraph, allegations showing wilful and wanton negligence were necessary. See *Tice* v. *Central of Ga. Ry. Co.*, 25 *Ga. App.* 346 (103 S. E. 262). While the petition charges ordinary negligence, in the failure of the defendant to give warning of the approach of the train, and in its failure to anticipate the presence of the deceased on the track at a time when and a place where it was under the duty of anticipating the presence of pedestrians, such allegations do not amount to a charge of wilful and wanton negligence, nor are they denominated as such.

3. Moreover, even if under the averments of the petition the deceased was

not a trespasser, the allegations show that the proximate cause of the injury was the failure of the deceased to exercise ordinary care on his own part. *Leverett* v. *Louisville R. Co.*, 38 *Ga. App.* 155 (142 S. E. 905) ; *Atlantic Coast Line R. Co.* v. *Fulford*, 33 *Ga. App.* 631 (127 S. E. 812).

4. The court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. Sutton, J., concurs.*

STEPHENS, J., concurs in the judgment and in paragraphs 1, 2 and 4 of the syllabus.

DECIDED JULY 27, 1933.

*E. L. Fowler, A. L. Henson,* for plaintiff.
*McDaniel, Neely & Marshall,* for defendants.