15315.   ATLANTIC COAST LINE RAILROAD CO. *v.* FULFORD.

BELL, J.  1. In this action against a railroad company for the homicide of the plaintiff's husband, who, when walking on the railroad-track, was struck and killed by the defendant's locomotive, the petition alleges, not that the defendant's servants killed him wilfully or wantonly, but that the "agents in charge of the defendant's locomotive could have discovered the presence and perilous position of petitioner's husband and avoided killing him," and that the homicide was negligent. See, in this connection, *Thomas* v. *Georgia Granite Co.,* 140 *Ga.* 459 (1) (79 S. E. 130). In such a case, if the decedent himself was guilty of negligence equal to or exceeding the negligence of the railroad company, or if by the exercise of ordinary care he could have avoided the consequences of the company's negligence after it was or should have been discovered, the plaintiff can not recover. Civil Code (1910), §§ 2781, 4426.

2. There being no allegation to the contrary, it must be assumed that the decedent was a person of ordinary intelligence, and that he was laboring under no physical defect or disability that rendered him incapable of knowing or appreciating the danger of his situation. *Biederman* v. *Montezuma Mfg. Co.,* 29 *Ga. App.* 589 (116 S. E. 225).

3. Considering the allegations of the petition and the inferences necessarily deducible therefrom, it appears that the decedent, when struck by the train, was walking in front of it and in the same direction, along a path running parallel with the railroad-track and "located so near the iron rails . . over which the defendant company's locomotive and train moved as to make it impossible for a locomotive and train to pass along said iron rails without striking" him, and "had reached a point within 40 feet of" a public street-crossing; that he was an adult of normal physical and mental faculties, that he did not look to see if a train was approaching (there being no allegation that he did look), and was prevented from hearing the approaching train by noises of other locomotives, machinery, and the like, in the vicinity. No other reason for his conduct is shown. *Held:* It af-

firmatively appears that the decedent was guilty of such negligence as to bar a recovery for his death on account of the negligence of the railway company. This question in the case was certified to the Supreme Court, and in the answer thereto it was held: "The decedent being at the time of the homicide an adult possessed of normal mental and physical faculties, though. he was prevented by noises in the vicinity from hearing the train which approached him from the rear, could and should have exercised the faculty of sight, by which he would have ascertained upon merely turning his head that the train was approaching. He knew that he was in a place of danger when walking longitudinally along the track, and knew that there were noises there which interfered with his hearing, and consequently the slightest degree of care upon his part would have required him to look in the direction from which the danger might·come, and a failure to exercise this care was such gross neglect upon the part of the decedent as to bar a recovery for his death." See *Atlantic Coast Line R. Co.* v. *Fulford,* 159 *Ga.* 812 (3, 5) (127 S. E. 274). It follows that the petition failed to set forth a cause of action, and that the general demurrer thereto was improperly overruled. The subsequent proceedings were nugatory.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 11, 1925.

Damages; from city court of Thomasville—Judge Hammond. December 17, 1923.

Mrs. George Fulford obtained a verdict against the Atlantic Coast Line Railroad Company for the death of her husband. The case came to this court on exceptions of the railroad company to the overruling of its general demurrer to the petition, and the refusal to grant a new trial.

The averments of the petition were substantially as follows: The plaintiff's husband was overtaken and struck by a train of the defendant as he was walking upon a pathway along the defendant's right of way between Fletcher and West Jackson streets in the City of Thomasville and after he had reached a point within 40 feet of a public crossing upon West Jackson street, toward which both he and the train were moving. The path upon which he was walking extended from one of these streets to the other (500 yards), and, at and long before the time of the injury, was customarily and frequently used by the public as a footway. Just beyond West Jackson street from the place of the injury were the defendant's passenger and freight depots. The West Jackson street railroad-crossing is the most public and most frequently used crossing in Thomasville. Hundreds of people are congregated in and around the crossing on the arrival of the passenger-trains, and many

vehicles are constantly passing over the crossing. These facts were known to the defendant and its agents. The path along which the decedent was walking "was located so near the iron rails on said right of way over which defendant company's locomotive and trains moved as to make it impossible for a locomotive and train to pass along said iron rails without striking" him. The track was straight, and there were no obstructions to prevent the employees in charge of the train from discovering the decedent 800 yards before they reached him. He was prevented from hearing the train's approach by the noise of other locomotives in the near-by railroad-yards, of motor-vehicles, and of the machinery in the city's water and light plant, and of the Thomasville Iron Works, which were near the place of the collision. As the engine approached this populous locality and the point where the injury occurred, it was being run at a high and dangerous rate of speed,— namely 20 miles per hour. An ordinance of the city prohibited the running of a locomotive within the city limits at a speed in excess of 10 miles per hour. The defendant's agents failed to signal the approach of the train by constantly tolling the bell as required by law, neglected to keep and maintain a constant and vigilant lookout along the track while approaching the crossing and the point where the plaintiff's husband was killed, and did not exercise due care in so controlling the movements of the locomotive as to avoid doing injury to persons who might be on the crossing on West Jackson street or within 50 feet thereof. These omissions were alleged to be negligent. It was also alleged that the defendant's agents, in running the train through such a populous locality within the city limits at the high and dangerous speed of 20 miles per hour, manifested a criminal disregard of life and property. The decedent's age, expectancy of life, and earning capacity were alleged.

*J. H. Merrill, H. H. Merry, Bennet & Branch,* for plaintiff in error.

*Eldon L. Joiner,* contra.