16249.   YOUNG *v.* SOUTH GEORGIA RAILWAY COMPANY.

This case is controlled adversely to the contentions of the plaintiff by the rulings of the Supreme Court in *Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 924). The evidence does not show any negligence on the part of the railway company other than failure to anticipate the presence of a trespasser on the track at a time when and a place where it was under the duty of anticipating the presence of pedestrians; and since such failure does not amount to wilful and wanton negligence, a nonsuit was proper.

DECIDED NOVEMBER 16, 1925.

Action for damages; from Brooks superior court—Judge W. E. Thomas. November 3, 1924.

*Humphreys & DeLoache, Sam T. Harrell,* for plaintiff.

*Branch & Snow,* for defendant.

JENKINS, P. J. It is the rule that the operatives of a railway train are not ordinarily bound to anticipate the presence of trespasser upon its right of way, and that the only duty which a railway company ordinarily owes to a trespasser upon its property is not to injure him wantonly or wilfully after his presence has been actually discovered; that while the failure to exercise ordinary care to prevent his injury after his presence has been ascertained may amount to wanton negligence, the company is ordinarily authorized to act upon the presumption that a trespasser apparently

of full age and capacity who is seen standing or walking upon or along the track will leave it in time to protect himself; and that the duty of exercising special precautions to protect such a trespasser when discovered arises only when it is reasonably apparent that for some reason he is off his guard or incapacitated to protect himself. See *Tice* v. *Central of Ga. Ry. Co.,* 25 *Ga. App.* 346 (103 S. E. 262), and cases there cited. In the instant case the plaintiff in error, who was nonsuited in the court below, invokes the rulings made by the Supreme Court in *Wright* v. *Southern Ry. Co.,* 139 *Ga.* 448 (77 S. E. 384), and by this court in the *Tice* case, supra, to support its contentions that in a case where it was the duty of the servants of a railway company to anticipate the presence of persons upon the tracks of the company, by reason of the fact that the public has been accustomed to use them with the knowledge and implied consent of the company, the general rule stated, to the effect that the only duty which a railway company owes to a trespasser upon its tracks is not to injure him wilfully and wantonly after his presence becomes known to the servants in charge of the train, does not apply, but that in such a case the failure to ascertain his presence and thereafter take such precautions and extend such special protection as ordinary diligence might require under the exigencies of the situation is equivalent to wantonness, even though the presence of the trespasser was not actually discovered. The writer, who also delivered the opinion in the *Tice* case, is of the opinion that the argument of counsel for the plaintiff in error is authorized by the reasonable meaning of paragraph 2 (*e*) of that decision, although we think the *Tice* case may be distinguishable from the present case under its peculiar facts. Subsequently, however, to the decision in the *Tice* case the question here involved was certified to the Supreme Court in the case of *Lowe* v. *Payne,* supra. The Supreme Court, in answer to the questions, considered the *Wright* case, cited in the *Tice* case, and in effect held that where there are no facts or circumstances in the case to show wilful and wanton negligence on the part of the servants of the railroad company other than their neglect to anticipate the presence of persons killed, on the track at the time and place of the injury, although it was under the duty of then and there anticipating the presence of pedestrians, and their failure to discover thus amounts to mere negligence, a railway company can

not be held liable for the injury to one who as a trespasser was guilty of a lack of ordinary care for his own safety, and whose presence was not in fact discovered by the company in time for it to take such precautions as might have been reasonably necessary to avoid the injury. See *Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 924), s. c. 31 *Ga. App.* 388 (120 S. E. 691). The same principle has very recently been recognized by the Supreme Court in *Atlantic Coast Line R. Co.* v. *Fulford,* 159 *Ga.* 812 (127 S. E. 274). As we understand the rulings, if the presence of the trespasser on the track at the time and place of the injury is brought about by any such peculiar facts and circumstances as would relieve him from the guilt of a lack of ordinary care in thus exposing himself, the company would be liable for a mere lack of ordinary care on its part in failing to anticipate his presence at a time when and a place where it was charged with such duty, and in thereafter failing to take such special precautions for his safety as might seem reasonably necessary. See *Parish* v. *Western & Atlantic R. Co.,* 102 *Ga.* 285, 291 (29 S. E. 715); *Fairburn & Atlanta Ry. & E. Co.* v. *Latham,* 26 *Ga. App.* 698 (107 S. E. 88). If, however, the presence of the trespasser on the track does amount to a lack of ordinary care on his part, the lack of ordinary care on the part of the company in failing as it should to anticipate his presence will not authorize such a trespasser to recover, and under such circumstances he must show that the negligence of the company amounted to wilful and wanton negligence. *Atlantic Coast Line R. Co.* v. *Fulford,* 33 *Ga. App.* 631 (127 S. E. 812). It seemed recognized in the *Lowe* case that the facts and circumstances surrounding the injury may possibly be such that the failure to anticipate the presence of the trespasser will itself amount to more than "mere negligence," that is wantonness. Such might have been the case from the facts and circumstances disclosed by the record in the *Tice* case. Finally, it is a well-recognized rule that if the negligence of the defendant is wilful and wanton, it matters not how gross the negligence of the trespasser might have been in jeopardizing his own safety, the defendant is liable. In the instant case the plaintiff was not only a voluntary trespasser, but his negligence as such was accentuated by his having voluntarily exposed himself to manifest peril by standing on the track in the switch yards of the company. Manifestly he was not in the exercise

of ordinary care. See *Wright* v. *Southern Ry. Co.*, 139 *Ga.* 448, 451 (77 S. E. 384). While it was shown that his attention might have been engrossed on account of his observation of a steam shovel, such as might have imposed upon the company a special duty for his protection if his presence had been actually discovered in time, still, in this case, as in the *Lowe* case, 31 *Ga. App.* 393 (120 S. E. 691), the evidence fails to establish by any fact or circumstance any sort of negligence on the part of the company "except . . neglect to anticipate the presence of the person killed on the track" "at a time when and a place where it was under the duty of anticipating the presence of pedestrians;" and since the mere fact of such failure does not amount to wilful and wanton negligence, the action of the trial court in granting a nonsuit was proper.

*Judgment affirmed. Bell, J., concurs.*

STEPHENS, J., concurring specially. While the plaintiff's negligence in becoming a trespasser upon the tracks of the railroad company would, of course, not bar a recovery where the plaintiff was wilfully injured, such negligence might, under the circumstances, as under the facts in the case before us, amount to contributory negligence and bar a recovery. As it appears from the facts narrated in the opinion, the plaintiff, under the authority of the *Lowe* case, supra, is, on account of his contributory negligence, barred from a recovery, since no wilful or wanton conduct appears on the part of the defendant railroad company.

I am unable to agree with all that is said in the opinion, but concur in the judgment of affirmance.