20926. ATLANTA & WEST POINT RAILROAD COMPANY *v.* PRESSLEY *et al.*

STEPHENS, J. 1. It appearing from the allegations in the **petition that** the plaintiff's wife, for whose homicide by the operation of the defendant's train the plaintiff was seeking to recover, was walking along a path by one of the defendant's tracks, not at a public crossing, with her back towards the approaching train, and was run into by the train and killed, and that by reason of noises made by a cotton-mill in the vicinty she did not hear the train, and there being no allegation that she was not possessed of normal mental and physical faculties, and it being clearly deducible from the allegations in the petition that she did

not look to see if a train was approaching, her conduct was such negligence as, in the absence of any allegation showing that she was wilfully and wantonly killed by employees of the railroad company, was the proximate cause of her injury. *Atlantic Coast Line R. Co.* v. *Fulford*, 159 *Ga.* 812 (5) (127 S. E. 274); *Lowe* v. *Payne*, 156 *Ga.* 312 (118 S. E. 924); *Atlantic Coast Line R. Co.* v. *Fulford*, 33 *Ga. App.* 631 (127 S. E. 812). It not appearing from the petition at what time the deceased got into a perilous situation, wilful and wanton negligence as against her is not shown by the allegations as to negligence of the engineer in failing to anticipate the presence of pedestrians on the defendant's right of way at the place where the deceased was walking, or in running the train at a rate of forty miles an hour in a thickly settled neighborhood, without having it under control, and without stopping it in time to avoid injuring the deceased, and in not keeping a continuous and sufficient lookout, and in not checking the train or blowing the whistle or ringing the bell. Whether by an amendment to the petition to meet the facts developed by the evidence a cause of action could be set out is not decided.

2. The petition failed to set out a cause of action, and the court erred in not dismissing it on motion in the nature of a general demurrer. The court having so erred, the further proceedings were nugatory.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 3, 1931.

*Howell, Heyman & Bolding, R. W. Martin,* for plaintiff in error. *Duke Davis, L. L. Meadors,* contra.