22089, 22090. HAMMONTREE *v.* SOUTHERN RAILWAY COMPANY;
and *vice versa.*

JENKINS, P. J. 1. Ordinarily the only duty owing by a railway company
to a trespasser upon or about its property is not to wantonly or wil-
fully injure him after his presence has been discovered (*Ashworth* v.
*Southern Ry. Co.,* 116 *Ga.* 635, 43 S. E. 36, 59 L. R. A. 592), although
a failure to exercise ordinary care to prevent injury to a trespasser after
his presence has become actually known may amount to wantonness.
*Charleston &c. Ry. Co.* v. *Johnson,* 1 *Ga. App.* 441 (57 S. E. 1064);
*L. & N. Railroad Co.* v. *Plunkett,* 6 *Ga. App.* 684 (65 S. E. 695). The
mere fact that the public may have been accustomed to travel on foot
along a certain portion of the right of way of a railway company, and
that no measures have been taken to prevent it, does not of itself operate
to constitute a person so using the track a licensee of the company; and
in the absence of the company's permission for such use, such unau-
thorized custom does not change the relation of one so using the prop-
erty of the railway company from that of a trespasser. *Southern Ry.
Co.* v. *Barfield,* 112 *Ga.* 181 (37 S. E. 386). Even where a person on
the track is in fact discovered, it is the general rule that a railway com-
pany is authorized to act on the presumption that a person apparently
of full age and capacity, standing or walking along or near its track,
will leave it in time to save himself, unless it should also appear that
such trespasser is in an apparently incapacitated or helpless condition,
so that he could not reasonably be expected to extricate himself from
his peril. The mere failure of the employees of a railway company to
discover the presence of a trespasser at a place where and a time when
it was their duty to anticipate the presence of trespassers, and there-
after to take such needful and proper measures for his protection as
ordinary care might require, might amount to a lack of ordinary care
on the part of the railway company, but would not, in and of itself,
amount to wilful and wanton misconduct. *Lowe* v. *Payne,* 156 *Ga.* 312
(118 S. E. 924). What amounts to a qualification of this rule is that
if the presence of the trespasser on the track at the time and place of
the injury is brought about by such peculiar facts and circumstances
as would free him from guilt of a lack of ordinary care in thus expos-
ing himself, the company would then be liable for a mere lack of ordi-
nary care on its part in failing to anticipate his presence at a time
when and a place where it was charged with such duty, and in there-
after failing to take such precautions for his safety as might seem
reasonable. *Atlantic Coast Line R. Co.* v. *Fulford,* 159 *Ga.* 812 (127
S. E. 274); *Parish* v. *Western & Atlantic R. Co.,* 102 *Ga.* 285 (29 S. E.

715, 40 L. R. A. 364); *Fairburn & Atlanta Ry. Co.* v. *Lathem*, 26 *Ga. App.* 698 (107 S. E. 88); *Georgia Railroad & Banking Co.* v. *Dawson*, 37 *Ga. App.* 542 (141 S. E. 57).

2. In the instant case the suit against the railway company on account of the homicide of the plaintiff's husband was brought in two counts; the first count charging mere negligence, but without showing that the decedent occupied any position other than that of a trespasser at the time of the injury, and without showing that his presence on the track at the time and place of the injury was brought about by such circumstances as would relieve the decedent from a failure to exercise ordinary care on his own part. The second count set up wilful and wanton negligence on the part of the defendant. The court overruled a motion to dismiss the first count, to which ruling exceptions pendente lite were preserved by a cross-bill of exceptions. After the introduction of testimony on both sides, the judge directed a verdict generally in favor of the defendant, without stating on which count or on what ground he based his action; but the colloquy between the judge and counsel, preserved in the record, indicates that in the judge's opinion the evidence demanded a finding that the decedent deliberately committed suicide by placing his head upon the track just in front of the approaching train. The testimony of the only eye-witness to the homicide supported this view, but it was sought to impeach the testimony of this witness by proof of previous contradictory statements. It therefore can not be held as a matter of law that the evidence demanded a finding of suicide, or that the plaintiff failed to make out her case as laid in the first count of the petition. The court having held that the first count, charging mere negligence, set forth a cause of action, this ruling became the law of the case until set aside. *Georgia Northern Ry. Co.* v. *Hutchins*, 119 *Ga.* 504 (2) (46 S. E. 659). Under the law as set forth in the preceding division of this syllabus, the action of the court in failing to sustain the demurrer to the first count of the petition was erroneous, and it therefore becomes necessary to reverse the ruling refusing to strike the first count of the petition. All subsequent proceedings being nugatory, it is not in order to pass upon or determine whether or not the plaintiff made out or failed to make out a case of wilful and wanton negligence under the second count of the petition. See, in this connection, *Lowe* v. *Payne*, supra; *Young* v. *South Georgia Ry. Co.*, 34 *Ga. App.* 537 (130 S. E. 542). Accordingly, the judgment complained of in the cross-bill of exceptions is reversed, and, that ruling being controlling, the main bill of exceptions must necessarily be dismissed.

*Judgment reversed on the cross-bill of exceptions; main bill of exceptions dismissed. Stephens and Sutton, JJ., concur.*

Decided September 21, 1932. Rehearing denied October 1, 1932.

R. C. *Pittman,* W. E. *Mann,* W. G. *Mann,* for plaintiff.

O. R. *Hardin, Sapp & Maddox, Maddox, Matthews & Owens,* for defendant.

## ON MOTION FOR REHEARING.

JENKINS, P. J. The defendant files a motion for a rehearing, insisting that this court committed an error of practice in dismissing the plaintiff's main bill of exceptions, which assigned error on the direction of a verdict in favor of the defendant on both counts of the petition, after this court had reversed the judgment on the cross-bill of exceptions, which assigned error on the court's failure to sustain the defendant's demurrer to the first count of the petition alleging ordinary negligence as a ground of recovery. Movant contends that the court, after holding that the first count of the petition, alleging ordinary negligence as a ground of recovery, did not set forth a cause of action, should have gone further and decided whether or not the plaintiff had proved her case as to wilful and wanton negligence as alleged in the second count. The argument of movant is strongly put; but nothing is better settled than that a ruling on demurrer becomes the law of the case unless and until it should be set aside by the appellate court; and since the plaintiff proved her case in accordance with the law as thus fixed and established by the trial court, she was entitled to recover, unless this ruling of the trial court should be set aside here. The case was tried, and the plaintiff made out her case as alleged, in conformity to what we deemed to be an erroneous ruling of the trial court on the first count of the petition. Until this ruling is set aside, the plaintiff is entitled to recover under her case as alleged and proved. By virtue of the ruling of the trial court, it was only necessary for plaintiff to prove either count of the petition. In our opinion, the jury would have been authorized, but not compelled, to find in her favor on the first count, but that the ordinary negligence which may have been proved as laid under the first count does not authorize a recovery. If there had been no cross-bill of exceptions, this court would therefore have been compelled to reverse the judgment on the main bill. There being a cross-bill, and this court reversing the judgment thereon by holding that the first count failed to set forth a cause of action, the trial as actually had under the law of the case as then enunciated and established by the trial court was necessarily nugatory, and the question whether or not the evidence authorized the plaintiff to go to the jury on either count (and that is the only question made by the main bill of exceptions) was necessarily moot. The fact that the

plaintiff may have embodied the first count in her petition could not be taken to deprive her of the benefit of the ruling thereon in her favor by the trial court during the progress of the trial, even though such ruling is now held to be erroneous, for the reason that it was the law of the case that the first count did set forth a cause of action until finally set aside by this court. The case was therefore tried on an erroneous theory. What the evidence might have been had the plaintiff been confined to the second count we are not privileged to surmise, but she is entitled to try her case under the law as now established. *Rehearing denied.*