23014.   CENTRAL OF GEORGIA RAILWAY COMPANY *v.* STAMPS.

JENKINS, P. J.   1. No question is presented, as in *Buffington* v. *Atlanta, Birmingham & Coast R. Co.*, 47 *Ga. App.* 85 (169 S. E. 756), as to the combining in one count of the petition of charges of ordinary negligence and wilful and wanton misconduct.

2. Under the allegations of the petition, the deceased was a trespasser at the time he was struck by the defendant's train, approaching from his front on its side-track, when he stepped on that track to avoid being struck by another train coming from his rear on the adjoining main track. *Central of Ga. Ry. Co.* v. *Tapley*, 145 *Ga.* 792 (3) (89 S. E. 841); *Gulf Line Ry. Co.* v. *Way*, 137 *Ga.* 109, 110 (72 S. E. 917); *Moore* v. *So. Ry. Co.*, 136 *Ga.* 872, 874 (72 S. E. 403); *Potts* v. *So. Ry. Co.*, 47 *Ga. App.* 268 (170 S. E. 319).

3. Ordinarily the only duty owing by a railway company to a trespasser upon or about its property is not wantonly or wilfully to injure him after his presence has been discovered. *Ashworth* v. *So. Ry. Co.*, 116 *Ga.* 635 (43 S. E. 36).

4. "An allegation in a petition that a person knows or by the exercise of ordinary care ought to know a given fact is not an allegation of actual notice of such fact." *Central of Ga. Ry. Co.* v. *Tapley*, supra. Allegations that the servants of a railroad company operating its train knew or ought to have known of the presence of a person on its track in front of the train, their actual knowledge of which is necessary to constitute wilfulness and wantonness by the defendant, charge only implied notice, and are insufficient to show wilfulness and wantonness. *Western & Atlantic R. Co.* v. *Michael*, 175 *Ga.* 1 (5), 10 (165 S. E. 37).

5. The mere failure of the employees of a railway company to discover the presence of a trespasser at a place where and a time when it was their duty to anticipate the presence of trespassers, and thereafter to take such needful and proper measures for his protection as ordinary care might require, might amount to a lack of ordinary care on the part of the railway company, but would not, in and of itself, amount to wilful and wanton misconduct. *Lowe* v. *Payne*, 156 *Ga.* 312 (118 S. E. 924) ; *A. C. L. R. Co.* v. *Fulford*, 159 *Ga.* 812 (127 S. E. 274) ; *Hammontree* v. *So. Ry. Co.*, 45 *Ga. App.* 728 (165 S. E. 913).

6. In the absence of any allegation of fact by the plaintiff amounting to a charge of wilful and wanton misconduct on the defendant's part, the negligent conduct of the deceased, a trespasser upon the tracks of the defendant railway company, in stepping immediately in front of an approaching locomotive and train amounted to such negligence on his part as would prevent a recovery for his homicide, even though the defendant might itself have been guilty of negligence short of wilful and wanton misconduct. *Briscoe* v. *So. Ry. Co.*, 103 *Ga.* 224 (28 S. E. 638) ; *So. Ry. Co.* v. *Barfield*, 112 *Ga.* 181 (37 S. E. 386) ; *Randolph* v. *Brunswick &c. R. Co.*, 120 *Ga.* 969 (3) (48 S. E. 396) ; *A. C. L. R. Co.* v. *Fulford*, supra; *Kennemer* v. *Western & Atlantic R. Co.*, 42 *Ga. App.* 266 (155 S. E. 771) ; *Atlanta & West Point R. Co.* v. *Pressley*, 44 *Ga. App.* 142 (160 S. E. 663).

Judgment reversed. *Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 24, 1934.

*Beck, Goodrich & Beck, Boykin & Boykin,* for plaintiff in error.
*Emmett Smith,* contra.