23985. DOWDELL *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

STEPHENS, J. 1. It appearing from the allegations in the petition that the deceased, for whose homicide by the operation of one of the defendant's trains the plaintiff is seeking to recover as next friend of the deceased's minor children, was walking along a pathway between two of the defendant's railroad-tracks, not at a public crossing, and going in the direction from which the train was approaching, and was therefore facing the approaching train, and was hit by the train and killed; that the deceased at the time of his death was hale and hearty; and there being no allegation that he was not possessed of normal faculties of sight and hearing, and did not or could not see the train, and there being no allegation of any facts tending to show that the train, which was approaching along a straight track at 4:30 in the morning in October, had no headlight burning and could not have been seen by the deceased, it appears conclusively, from the allegations in the petition, that the deceased at the time was not in the exercise of ordinary care and diligence for his own safety, and, in the absence of any allegations of fact showing that he was wantonly and wilfully killed by the employees of the defendant, that his conduct was such negligence as proximately caused the homicide. This is true notwithstanding the defendant may have been negligent as alleged in the operation of its train along a straight track without keeping a lookout, and in not anticipating the presence of the deceased on a path which was frequently with the knowledge of

the defendant used by a number of persons, and was negligent in operating the train at an unlawful and reckless rate of speed and without ringing a bell or blowing a whistle. Where it is not alleged that the servants of the defendant in operating the train saw the deceased or knew of his presence, the acts of negligence alleged show no wilful or wanton conduct on the part of the defendant. *Leverett* v. *L. & N. R. Co.*, 38 *Ga. App.* 155 (142 S. E. 905); *Atlanta & West Point R. Co.* v. *Pressley*, 44 *Ga. App.* 142 (160 S. E. 663).

2. Since it appears from the brief of counsel for plaintiff in error that by the consent of the parties and under an order of the court the demurrer to the petition was heard in vacation, there is no merit in the contention of the plaintiff in error that the court had no jurisdiction to pass upon the demurrer in vacation.

3. The petition failed to set out a cause of action and the court did not err in sustaining the demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED MARCH 2, 1935.

*Jesse J. Bull, Jared I. Bull,* for plaintiff.
*B. F. Neal, H. A. Wilkinson, Henry Wilkinson,* for defendant.