24946. VAUGHN v. LOUISVÍLLE & NASHVILLE RAILROAD CO. et al.

STEPHENS, J. 1. A person who, in walking across a railroad track along a pathway which is customarily used by the public at all hours of the day with knowledge of the railroad company, does not see and is not aware of an approaching train on the track because his back is turned towards the train and is oblivious of the movements of the train because the train is rolling and making very little noise and no warning is given by those operating the train of the train's approach, is not as a matter of law guilty of negligence which would bar a recovery in damages for injuries received by him by being hit by an approaching train. *Bullard* v. *Southern Railway Co.*, 116 *Ga.* 644, 649 (43 S. E. 39); *Wright* v. *Western & Atlantic R. Co.*, 139 *Ga.* 343 (2) (77 S. E. 161). In *Atlantic Coast Line R. Co.* v. *Fulford*, 159 *Ga.* 812 (3, 5) (127 S. E. 274), s. c. 33 *Ga. App.* 631 (127 S. E. 812); *Atlanta & West Point R. Co.* v. *Pressley*, 44 *Ga. App.* 142 (160 S. E. 663); *Leverett* v. *L. & N. R. Co.*, 38 *Ga. App.* 155 (142 S. E. 905); *Kennemer* v. *Western & Atlantic R.*, 42 *Ga. App.* 266 (155 S. E. 771), in which it was held that a person injured by a railroad train, where the injury was not due to wilful or wanton conduct of the railroad company, was barred by his own negligence, he was a trespasser on the railroad's property walking longitudinally along the track with his back to the train and there were noises which prevented his hearing the approach of the train.

2. Where, in a suit against a railroad company, in which the plaintiff seeks to recover damages for the homicide of her husband, it is alleged that, while walking across a track of the defendant and while walking along a pathway "commonly used by the public at all hours of the day," and with his back towards an approaching train of which he was oblivious by reason of the fact that the train was making very little noise, he was run into and hit by the train and received injuries from which he died, that the homicide was due to the negligence of those in operating the train in failing to blow the whistle, or toll the bell, or give any warning of the approach of the train, and in failing to keep a lookout ahead, and in negligently failing to see the plaintiff's husband, it does not appear as a matter of law that the homicide was caused by his own negligence. The petition therefore is not subject to the objection that, under the authority of *Kennemer* v. *Western & Atlantic R.*, 42 *Ga. App.* 266 (155 S. E. 771), since it appears therefrom that the plaintiff's husband was guilty of such negligence as barred a recovery, the petition does not contain enough to amend by.

3. The failure of a petition to contain all the requisites of a cause of action does not render it incapable of amendment; but where it contains allegations sufficient to indicate and identify a particular cause of action, although it may not sufficiently set out the cause of action, it is amendable by allegations sufficient to constitute the cause of action indicated in the petition. *Gladney* v. *Borders*, 50 *Ga. App.* 608 (179 S. E. 219).

4. The cause of action indicated in the petition is the homicide of the plaintiff's husband at the time and place indicated, by the negligent operation of the defendant's train by its servants in charge of its operation. Assuming that the petition fails to set out a cause of action

and that it does not appear that the agents and servants of the defendant in the operation of the train at the time had knowledge of the presence of the plaintiff's husband in a perilous situation, or that they had knowledge that the pathway was commonly used by the public in crossing the defendant's tracks, or were negligent in not anticipating the presence of the plaintiff's husband and in not exercising ordinary care to prevent his injury by the operation of the train, an amendment to the petition which contains allegations supplying these omitted allegations is sufficient to constitute the cause of action indicated in the petition.

5. Where the agents and servants of a railroad company, in the operation of one of its trains, have knowledge of the common use by the public at all hours of the day of a pathway which crosses the railroad tracks, they are bound to anticipate that persons may be upon the tracks at this point, and are under a duty to take such precautions to prevent injury to such persons as would meet the requirements of ordinary care and diligence. *Western & Atlantic Railroad Co.* v. *Michael*, 175 *Ga.* 1 (6) (165 S. E. 37). The petition, when amended by alleging these facts, sets out a cause of action for the negligent homicide of the plaintiff's husband by the operation of the train, unless it appears that the homicide was caused by his negligence. *Southern Ry. Co.* v. *Chatman*, 124 *Ga.* 1026, 1032 (53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675); *Shaw* v. *Georgia Railroad*, 127 *Ga.* 8 (55 S. E. 960); *Wright* v. *Southern Ry. Co.*, 139 *Ga.* 448 (77 S. E. 384); *Simmons* v. *Atlanta & West Point R. Co.*, 46 *Ga. App.* 93 (166 S. E. 666); *Corrie* v. *Hollaran*, 51 *Ga. App.* 910 (181 S. E. 709).

6. Where it appears from the amendment that before passing over the track the plaintiff's husband looked in both directions and saw no train approaching and heard none, and that by reason of a sharp curve in the track in the direction from which the train approached, and of some section houses, the approach of the train on the track was not observable to a person in the situation of the plaintiff's husband until the train was within fifty feet of him, it does not appear from the petition and the amendment that in crossing the track and in walking along the pathway with his back to the train when the train hit him, he was guilty of negligence barring a recovery.

7. Since the petition was subject to amendment by the addition of the matters contained in the amendment, and since the petition as amended set out a cause of action, the court erred in rejecting the amendment, and in sustaining the demurrer to the petition.

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., disqualified.*

DECIDED MARCH 11, 1936. ADHERED TO ON REHEARING, MARCH 31, 1936.

*Robert B. Blackburn, Hewlett & Dennis,* for plaintiff.

*Tye, Thomson & Tye, Neely, Marshall & Greene, W. Neal Baird,* for defendants.