25195.   GOSWICK *v.* WESTERN & ATLANTIC RAILROAD.

DECIDED JULY 16, 1936.   REHEARING DENIED JULY 30, 1936.

*J. A. McFarland, C. H. Dalton,* for plaintiff.
*Walton Whitwell, Mitchell & Mitchell,* for defendant.

STEPHENS, J.   1.   The act of a trespasser in going upon a railroad-track and walking along the track with his back to a moving train approaching from the rear which he did not see or hear because his attention was attracted to another train passing on a parallel track twelve or fifteen feet from him and he was engrossed in watching this train and in keeping a safe distance from it, was not, as a matter of law, negligence which bars a recovery for his homicide caused by his being run over by the approaching train, when, according to established usage and a custom known to the

engineer of the latter train, pedestrians walked along the track at this place, and the engineer of this train was under a duty to anticipate the presence of pedestrians on the track at the place where the homicide occurred, and by the exercise of ordinary care he could have discovered the presence of the pedestrian on the track in time to avoid injuring him, and by the exercise of ordinary care, after discovering him, might have avoided injuring him. *Phillips* v. *East Tenn. &c. Railway Co.,* 87 *Ga.* 272 (13 S. E. 644); *Wright* v. *Southern Railway Co.,* 139 *Ga.* 448 (77 S. E. 384); *Walker* v. *Western & Atlantic Railroad,* 146 *Ga.* 296 (91 S. E. 44); *Seaboard Air-Line Railway Co.* v. *Parriett,* 33 *Ga. App.* 576 (127 S. E. 815); *Vaughn* v. *Louisville & Nashville Railroad Co.,* 53 *Ga. App.* 135 (185 S. E. 145); Thompson on Negligence, §§ 1712, 1748. This ruling is not in conflict with *Atlantic Coast Line R. Co.* v. *Fulford,* 159 *Ga.* 812 (127 S. E. 274), where it was held that where a person was killed by an approaching train while walking along a railroad-track with his back to the train, where he did not see the train and did not hear it because of noises which interfered with his hearing, he was guilty of negligence barring a recovery. It did not there appear, as in the case now before this court, that the decedent's attention was diverted by his being engrossed in watching a passing train for his own safety and in keeping a safe distance from it. This is a vital distinction. It is a question of fact for a jury whether the decedent's being so engrossed for his own safety rendered his failure to become aware of the approach of the train from behind under the circumstances negligence barring a recovery. See *Smith* v. *Central Railroad &c. Co.,* 82 *Ga.* 801, 803 (10 S. E. 111). See the distinction of this case in *Seaboard Air-Line Railway Co.* v. *Parriett,* supra. The ruling in *Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 924), in which the Supreme Court answered a certified question propounded by the Court of Appeals, is distinguishable. In that case, in which it was held that the act of the decedent who was run over and killed by a railroad-train while he was lying in a drunken condition on or near a railroad-track, was negligence barring a recovery for his homicide, notwithstanding the negligence of the defendant railroad company in failing to anticipate the presence of people on the track at the time and place, etc., the act of the decedent was as a matter of law assumed as "unexplained and unexcused negligence,"

whereas in the case now before the court it does not appear that the act of the plaintiff's husband in walking along the railroad-track under the conditions indicated was necessarily negligence as a matter of law; but whether he was negligent under the circumstances, and whether such negligence, if any, barred a recovery, are questions of fact for a jury. Besides, in the *Lowe* case the decedent's attention was not diverted in the interest of his safety, as in the case now before the court.

2. Where, at a place where a pedestrian walking along a railroad-track was killed by an approaching train, pedestrians customarily, with the knowledge of the agents of the railroad company in the operation of the train, walked along the track, the engineer was under a duty to exercise ordinary care in anticipating the deceased's presence upon the track and to take reasonable precautions not to injure him; and it is a question of fact whether the engineer of the train was guilty of negligence proximately causing the homicide, in failing in the daytime to see the deceased on the track, and in failing to give him warning of the approach of the train by ringing the bell or blowing the whistle, and in operating the train at a dangerous rate of speed under the circumstances. *Ashworth* v. *Southern Railway Co.*, 116 *Ga.* 635 (43 S. E. 36, 59 L. R. A. 592) ; *Bullard* v. *Southern Railway Co.*, 116 *Ga.* 644 (43 S. E. 39) ; *Western & Atlantic Railroad Co.* v. *Michael*, 175 *Ga.* 1 (6) (165 S. E. 37) ; *Central of Georgia Railway Co.* v. *Thompson*, 25 *Ga. App.* 715 (104 S. E. 515) ; *Southern Railway Co.* v. *Slaton*, 41 *Ga. App.* 759 (2), 762 (154 S. E. 718).

3. In a suit by the wife of the deceased against the railroad company, to recover damages for the homicide, the petition in count 2, under the above rulings, set out a cause of action, and the court erred in sustaining the general demurrer thereto. The court having erred in sustaining the demurrer to count 2 of the petition, the subsequent proceedings, which resulted in the grant of a nonsuit on the trial of the case under count 1, which alleged that the husband of the plaintiff was killed by the wilful and wanton conduct of the agents of the defendant in the operation of the train, were nugatory.

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., dissents,*

JENKINS, P. J., dissenting. In my opinion the court did not err in sustaining the general demurrer to count 2 of the petition, upon which ruling the majority opinion reverses the judgment. This count does not charge actual knowledge by the railroad company of the decedent's presence on its track, nor does it charge wilful or wanton misconduct on the defendant's part. It is well recognized that ordinarily the only duty which a railroad company owes to a trespasser upon or about its property is not to injure him wantonly or wilfully after his presence has become actually known; but the failure to take proper and needful steps for his protection after his presence is known may amount to wilful and wanton misconduct. I think it has become well settled by the decision in *Lowe* v. *Payne,* 156 *Ga.* 312 (supra), that, in the absence of actual knowledge of the presence of the trespasser on the track at the time and place of the injury, the fact that it was the duty of the railroad company to anticipate that trespassers might be present on the track at the place of the injury, and that a failure to do so might amount to a lack of ordinary care, is not the equivalent of actual knowledge in the sense that such failure would constitute wilful and wanton misconduct. Before the rendition of the *Lowe* decision, this court, in *Tice* v. *Central of Ga. Ry. Co.,* 25 *Ga. App.* 346 (103 S. E. 216), placed a failure to apprehend the presence of a trespasser, at a time when and a place where it was incumbent on the railroad to do so, upon the same footing as actual knowledge of his presence. This court so interpreted certain Supreme Court decisions, among which was *Wright* v. *Southern Ry. Co.,* 139 *Ga.* 448, 450 (77 S. E. 384). Subsequently to the *Lowe* decision, however, the decisions have been uniform to the effect that failure to anticipate and discover the presence of the trespasser at a time when and place where it was the railroad's duty to do so would not of itself amount to wilful and wanton misconduct. In fact the amended count 2 of the petition seems to recognize this principle of law; and not having charged actual knowledge of the decedent's presence, it does not charge wilful or wanton misconduct on the part of the railroad. Accordingly, it would appear perfectly plain that, if the decedent himself was guilty of lack of ordinary care in trespassing upon the railroad track in the manner set forth, the mere negligence of the railroad in failing to anticipate and thereafter actually ascertain his presence at the time and place of the injury would not authorize

a recovery. The Code, § 105-603, declares: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." The rule would be different if the defendant was guilty of wilful and wanton misconduct, or if what under the circumstances would seem to be the negligent presence of the trespasser on the track was brought about by such peculiar circumstances as would explain such presence and relieve him from a lack of ordinary care. *Southern Ry. Co.* v. *Kelley,* 52 *Ga. App.* 137 (182 S. E. 631). Thus, if under the circumstances alleged the decedent was himself, as a matter of law, guilty of a lack of ordinary care in continuing to walk longitudinally along the track with his back to the approaching train, despite the distracting circumstances disclosed by count 2 of the petition, he could not recover. In my opinion, the case of *Atlantic Coast Line R. Co.* v. *Fulford,* 159 *Ga.* 812 (3, 5), 814, 815 (supra), is decisive of the question as to whether the decedent was manifestly guilty of a lack of ordinary care. See also *Moore* v. *So. Ry. Co.,* 136 *Ga.* 872 (72 S. E. 403); *Young* v. *So. Ga. Ry. Co.,* 34 *Ga. App.* 537, 539, 540 (130 S. E. 542). My colleagues appear to hold that the decedent might be excused from the lack of ordinary care in walking longitudinally along the defendant's track with his back to the approaching train, by reason of the fact that just before and at the time of the injury his attention was diverted from his peril by being attracted to another train passing on a parallel track twelve or fifteen feet from him, which so engrossed his attention and dulled his senses as to prevent him from looking or hearing or seeing the train approaching from his rear on the track along which he was walking. As I see it, the fact that these known disturbing conditions existed at the time of the injury, and that notwithstanding such augmented peril, he nevertheless thereafter continued to walk for a considerable distance in front of the approaching train, with his back to whatever danger might be approaching from his rear, aggravates rather than extenuates the negligence necessarily attributable to him. The negligence consists in putting himself in a known place of peril and continuing therein at a time and under conditions when he must have known that his faculties were incapable of sensing any danger approaching from his rear. As the courts have often said, a person has no right to shut his eyes to known dangers and volun-

tarily and needlessly subject himself to known peril. If he does so, he must necessarily be adjudged guilty of a lack of ordinary care. Thus the diversion of the mind and senses of the decedent by the passage of the train on the adjoining track merely increased his own negligence. This fact can not be taken advantage of by the plaintiff, where it is not shown that the defendant actually saw the decedent on the track, or was aware that he was thus incapacitated to protect himself from the impending peril. The rule of liability growing out of the incapacity of the injured trespasser at the time of the injury relates to another theory, and has application only when the presence of the trespasser is known and his incapacity is manifest. It is the general rule that a railroad company is authorized to act on the assumption that a person who is walking along the track, and who is of full age and laboring under no apparent disability, will leave it in time to save himself. If, however, the trespasser is thus walking with his *back* to an approaching train, without turning or looking or listening to guard himself against impending peril from his rear, and the operatives of the train actually see him in time to afford protection, it might be that a failure to take necessary steps for his protection would amount to wilful and wanton misconduct. If, in addition to this, it should be apparent to the operatives that the risk and peril to the observed trespasser were augmented by reason of the fact that, while continuing on the track, his attention was being devoted to watching the passing of another nearby train on a parallel track, and his mind was thus occupied and his senses dulled and made oblivious to the approach of the train from his rear on the track along which he continued to walk, then and in such a case a failure on the defendant's part to take all needful and proper steps for his protection could well be taken as wilful and wanton misconduct on its part. Accordingly, it is true that if count 2 of the petition had alleged that the defendant *saw* the decedent in time to avoid his injury, and that it was manifest that his mind was diverted and engrossed and his sense of hearing dulled by the passing of the other train, yet it nevertheless failed to take such precautionary steps as lay within its power for his protection, and that its failure so to do under such circumstances amounted to wilful and wanton misconduct, a case for the jury might have been set out. In other words, the principle of incapacity or diverted attention does not mitigate, but,

on the contrary, augments the trespasser's negligence. It applies against a railroad company only in those cases where it is shown that the company actually discovered the presence of the trespasser on its track, in which event any manifest incapacity or diverted attention on his part might well prevent the operatives of the train from assuming that the trespasser would get off in time to save himself. Especially would this be true where he continues to walk on the track with his back to the approaching train. Under conditions such as just supposed, a failure on the part of the operatives to take all proper precautions within their power for the protection of a trespasser under such circumstances would raise and present the question of liability on account of wilful and wanton misconduct.