26605. CANTRELL *v.* POLLARD, 'receiver.

DECIDED MARCH 3, 1938.

*Julius Rink,* for plaintiff.
*Rosser & Shaw, Maddox, Matthews & Owens,* for defendant.

STEPHENS, P. J. 1. It appearing from the allegations in the petition that the plaintiff's husband, for whose homicide by the operation of the defendant's train the plaintiff is seeking to recover, was walking along the defendant's railroad track, not at a public crossing, with his back towards an approaching train, and was run into by the train and killed; that by reason of his being somewhat deaf, and by reason of noises made by a mill nearby, he did not hear the approaching train, and there being no allegation that he was not otherwise possessed of normal mental and physical faculties, and it being clearly deducible from the allegations of the petition that he did not look back to see if a train was approaching, his conduct was such negligence as, in the absence of any allegation showing that he was wilfully and wantonly killed by the employees of the railroad company in the operation of the train, was the proximate cause of his injury. Wilful and wanton conduct on the part of the servants of the defendant railroad company in the operation of the train is not shown where it appears from the allegations of the petition that the presence of the deceased on the railroad track was not known to the defendant's servants in the operation of the train, although they may have known that it was the custom of pedestrians to walk along that part of the track, and the defendant railroad company through its servants in operating the train may have been negligent in failing to anticipate the presence of pedestrians on the track at that place, that the engineer operating the train did not keep a lookout ahead but, while the train was approaching the decedent, the engineer's attention was being attracted by the people at the mill along the side of the track and he was looking away from the train. *Atlantic Coast Line R. Co.* v. *Fulford,* 159 *Ga.* 812 (127 S. E. 274); *Atlantic Coast Line R. Co.* v. *Fulford,* 33 *Ga. App.* 631 (127 S. E. 812);

414

*A. & W. P. R. Co.* v. *Pressley,* 44 *Ga. App.* 142 (160 S. E. 663) ; *Hammontree* v. *Southern Railway Co.,* 45 *Ga. App.* 728 (165 S. E. 913); *Dowdell* v. *Central of Ga. R. Co.,* 50 *Ga. App.* 712 (179 S. E. 414) ; *Southern Railway* v. *Evans,* 56 *Ga. App.* 177 (192 S. E. 505). The cases of *Vaughn* v. *L. & N. R. Co.,* 53 *Ga. App.* 135 (185 S. E. 145), and *Goswick* v. *W. & A. R. Co.,* 54 *Ga. App.* 164 (187 S. E. 205), are clearly distinguishable.

2. The petition failed to set out a cause of action, and the court did not err in sustaining the demurrer thereto.

*Judgment affirmed. Sutton and Fellon, JJ., concur.*