## 29466.   SOUTHERN RAILWAY COMPANY *v.* LOMAX.

Sutton, J.   1. "Ordinarily the only duty owing by a railway company to a trespasser upon or about its property is not to wantonly or wilfully injure him after his presence has been discovered." *Hammontree* v. *Southern Railway Co.*, 45 *Ga. App.* 728 (165 S. E. 913) ; *Young* v. *South Georgia Railway Co*, 34 *Ga. App.* 537 (130 S. E. 542); *Ashworth* v. *Southern Ry. Co.*, 116 *Ga.* 635 (43 S. E. 36, 59 L. R. A. 592).

2. "The mere failure of the employees of a railway company to discover the presence of a trespasser at a place where and a time when it was their duty to anticipate the presence of trespassers, and thereafter to take such needful and proper measures for his protection as ordinary care might require, might amount to a lack of ordinary care on the part of the railway company, but would not, in and of itself, amount to wilful and wanton misconduct." *Hammontree* v. *Southern Railway Co.*, supra; *Lowe* v. *Payne*, 156 *Ga.* 312 (118 S. E. 924).

3. "Even where a person on the track is in fact discovered, it is the general rule that a railway company is authorized to act on the presumption that a person apparently of full age and capacity, standing or walking along or near its track, will leave it in time to save himself, unless it should also appear that such trespasser is in an apparently incapacitated or helpless condition, so that he could not reasonably be expected to extricate himself from his peril." *Hammontree* v. *Southern Railway Co.*, supra; *Young* v. *South Georgia Ry. Co.*, supra.

4. " 'An allegation in a petition that a person knows or by the exercise of ordinary care ought to know a given fact is not an allegation of actual notice of such fact.' *Central of Ga. Ry. Co.* v. *Tapley* [145 *Ga.* 792 (2) (89 S. E. 841)]. Allegations that the servants of a railroad company operating its train knew or ought to have known of the presence of a person on its track in front of the train, their actual knowledge of which is necessary to constitute wilfulness and wantonness by the defendant, charge only implied notice, and are insufficient to show wilfulness and wantonness. *Western & Atlantic R. Co.* v. *Michael*, 175 *Ga.* 1(5), 10 (165 S. E. 37)." *Central of Georgia Ry. Co.* v. *Stamps*, 48 *Ga. App.* 309 (4) (172 S. E. 806).

5. "The duty of the railway company to discover the presence of one upon its right of way, when it may reasonably be anticipated that such person may be present thereon, does not relieve him of the duty to exercise ordinary care for his own safety." *Dodson* v. *Southern Railway Co.*, 55 *Ga. App.* 413 (6), 419 (190 S. E. 392), and cit.

6. In the absence of wilful or wanton misconduct on the part of the de-

fendant the plaintiff can not recover for alleged injuries caused by the defendant if the plaintiff could, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence. *Dodson* v. *Southern Railway Co.*, supra, and cit.

7. Applying the above-stated principles of law to the allegations of the petition, from which it appears that the plaintiff, an old man of 73 years of age but in full possession of his faculties of sight and observation, was walking by the side of the defendant railway's track, not at a public crossing or within fifty feet thereof, with his back towards an approaching engine, and that by reason of the noise of another engine approaching from the opposite direction on a different track, the third parallel track from the one alongside of which he was walking, he was not aware of the engine behind him, the crew of which gave no warning of its approach and were violating a municipal ordinance as to the rate of speed of the engine, which struck and injured the plaintiff in described particulars, it being alleged that the employees operating the engine which struck the plaintiff saw or, by the exercise of ordinary care, should have seen the plaintiff, and that it was their duty to anticipate his presence at the time and place, but it was not alleged that any act of the defendant, through its servants, was wilful or wanton, or that the plaintiff was incapacitated or helpless to extricate himself from his peril, the failure of the plaintiff to use his faculties of sight and observation by which he could have determined, by merely turning his head, that the engine was approaching behind him, was such negligence upon his part as to bar recovery. The petition did not set forth a cause of action and the trial court erred in overruling the general demurrer. See especially *Lowe* v. *Payne*, 156 *Ga.* 312 (118 S. E. 924); *Atlantic Coast Line R. Co.* v. *Fulford*, 159 *Ga.* 812 (127 S. E. 274); *A. & W. P. R. Co.* v. *Pressley*, 44 *Ga. App.* 142 (160 S. E. 663); *Leverett* v. *L. & N. R. Co.*, 38 *Ga. App.* 155 (142 S. E. 905); *Cantrell* v. *Pollard*, 57 *Ga. App.* 413 (195 S. E. 766).

*Judgment reversed. Felton, J., concurs. Stephens, P. J., dissents.*

DECIDED MAY 6, 1942. REHEARING DENIED MAY 30, 1942.

*Neely, Marshall & Greene, W. Neal Baird,* for plaintiff in error. *J. C. Bowden, A. G. Smith,* contra.

STEPHENS, P. J., dissenting. I am of the opinion that the petition sets out a cause of action. It is alleged in substance that at the time of his injury, which was in the daytime about 2 o'clock in the afternoon, the plaintiff was walking by the side of the track of the defendant along a path parallel with the track on which for a long period of time it had been customary for people to walk during the day, and that this custom was known to the employees of the defendant who were operating the train which injured the plaintiff; that the defendant was negligent in operating its engine

along the track while the plaintiff was in full view of the employees of the defendant operating the engine for a distance of about twenty yards before the defendant's engine hit the plaintiff; and that the defendant was negligent and failed to exercise ordinary care in failing to observe the presence of the plaintiff at the time and place.

The specific allegations in the petition, the substance of which I have stated, are as follows: "Plaintiff shows that a public path runs along to the rear of said business buildings, between the same and the defendant's said tracks, in which path people constantly walk all during each day, and said path has been so used by people for a walkway for a long time, . . and said path is located directly along the defendant's track first next to the rear of said buildings and closely parallel thereto;" that "plaintiff was negligent [evidently meaning the defendant] in operating said engine along said track directly parallel with said path and in close proximity thereto at a fast rate of speed, in a way and manner as set forth in this petition when said employees [evidently meaning the operators of the train, as no other employees had been referred to in the petition] knew that people walked along said path all during each day, and said employees should [have] anticipated the presence of plaintiff in said path, . . and in operating said engine along said track behind plaintiff while plaintiff was in full view of said employees for a distance of about twenty yards before reaching him after said engine got in view and running said engine against plaintiff and so doing the same while said employees saw or by the exercise of ordinary care could and should have seen plaintiff." While the allegation that the employees of the defendant saw the plaintiff or by the exercise of ordinary care could and should have seen him can not be taken as an allegation that the employees of the defendant actually saw the plaintiff, it is nevertheless an allegation, when taken in connection with the other facts alleged, to the effect that the employees of the defendant were negligent and failed to exercise ordinary care in failing to see the plaintiff. *Pacetti* v. *Central of Georgia Ry. Co.*, 6 *Ga. App.* 97 (64 S. E. 302).

It further appears that the plaintiff was walking in the direction in which the engine of the defendant was traveling; that the plaintiff was not aware of the approach of the engine, did not see the approach of the engine, and did not hear its approach by reason

of the noise made by another engine of the defendant on a neighboring track. It also appears that the defendant's engine which injured the plaintiff was at the time being operated at a rate of speed in violation of a city ordinance regulating the speed of trains at the time and place, and that the defendant was negligent in operating the train without sounding any alarm or warning of its approach.

Under the allegations that the plaintiff was walking along a customarily traveled path adjacent to the railroad when such custom was known to the operators of the train which injured the plaintiff, it was the duty of the defendant to exercise ordinary care to anticipate the presence of persons at the time and place of the injury to the plaintiff, and under such circumstances, where such duty rested on the defendant, the plaintiff was not as a matter of law guilty of negligence barring a recovery where he failed to look out for or observe the approach of the engine. In support of these propositions see *Western & Atlantic Railroad Co.* v. *Michael*, 175 *Ga.* 1 (6) (165 S. E. 37); *Bullard* v. *Southern Ry. Co.*, 116 *Ga.* 644 (1, 3) (43 S. E. 39); *Vaughn* v. *L. & N. Railroad Co.*, 53 *Ga. App.* 135 (1, 2) (185 S. E. 145). As respects the question whether the conduct of the plaintiff, under the circumstances alleged, constituted negligence, only in the opinion of the jury and not as a matter of law, it was said in *Bullard* v. *Southern Ry. Co.*, supra: "It will also be for the jury to say whether the deceased could have avoided the consequences of the defendant's negligence by the exercise of ordinary care. No such duty on the part of the deceased arose until the negligence of the company was existing, and was either apparent or the circumstances were such that an ordinarily prudent person would have had reason to apprehend its existence." In that case it appeared that the defendant was operating its train in approaching a private passageway which had been customarily used, with the knowledge of the operators of the train, by pedestrians crossing the track of the company, and it was held that the defendant was bound to anticipate that persons might be on the track at the time, and that the defendant was under a duty to take such precautions to prevent injury to persons on the track at the crossing as would meet the requirements of ordinary care and diligence.

It being alleged that the plaintiff was injured by being run into

by the defendant's engine under the circumstances alleged, and the nature and extent of his injuries being made to appear in the petition, the petition set out a cause of action and was good against general demurrer.

I am of the opinion that the court erred in sustaining the demurrer and in dismissing the petition.