29945. CALLAWAY, trustee, *v.* ZITTROUER *et al.*

DECIDED APRIL 13, 1943.

340

*A. R. Lawton Jr.*, for plaintiff in error.

*Walton Usher, Clarence T. Guyton,* contra.

GARDNER, J.   The questions to be determined may be for con-

venience thus stated: (a) Was the truck on a public crossing when it was damaged? (b) If not on a public crossing at such time, do the allegations of the petition set forth a cause of action?

■ In construing a petition on general demurrer, it is elementary that it must be construed most strongly against the pleader. *Moore* v. *Seaboard Air-Line Railway Co.*, 30 *Ga. App.* 466 (118 S. E. 471). By reference to the petition it will be noticed that it nowhere appears that the truck of the plaintiffs stopped on or near the crossing. It is alleged: "That in rounding the curve on the approach to said railroad crossing, the driver of said truck lost control of said truck and ran into a ditch on the left and northerly side of said public road. That the roadbed [of the public highway] on the approach to said crossing makes a right-angle curve on either side of said railroad crossing. That when said automobile truck, after running into said ditch, came to a halt a portion of said truck was on the tracks of the railroad." It thus clearly appears that the truck did not come to a halt at or on the crossing. It affirmatively appears that the truck left the highway on the approach to the crossing, and therefore did not halt on the crossing or on the approach thereto. It follows that when the truck came to rest partly on the track of the defendant it was not on the crossing.

■ We come next to the remaining question: What duty did the defendant owe to the plaintiffs under this situation? The plaintiffs' right to recover must be governed by the rule applicable to a trespasser. In *Atlanta & Charlotte Air-Line Railway Co.* v. *Gravitt*, 93 *Ga.* 369 (4) (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145), the Supreme Court held: "Relatively to a person who, without license from the company, is walking upon a railway track on a trestle, though such trestle be situated between a blow-post and a public crossing, the omission of the engineer to comply with the statutory requirements as to giving signals and checking the speed of the train, is not negligence, inasmuch as these requirements raise no duty as between the company and strangers who may be upon the track elsewhere than at a public crossing." In *Central of Georgia Railway Co.* v. *McKey*, 13 *Ga. App.* 477 (79 S. E. 378), this court held: "1. A railroad company, relatively to a person not upon or approaching a public crossing, is under no duty to comply with the statutory requirements as to giving signals and checking the speed of its train; and the failure to comply with such require-

ments is not, as to such a person, negligence for which damages may be recovered. . . 2. A driver of an automobile who undertakes to cross a railroad elsewhere than at a public crossing can not recover for injuries to the automobile, received in consequence of a collision with a passing train, solely upon the ground that the railroad company's servants failed to comply with the statutory requirements in reference to ringing the bell or blowing the whistle and checking the speed of the train. The only duty which the railroad company owes to a person in such a situation is not to injure him or his property wantonly or wilfully, and to use ordinary care to prevent such injury after the person or his property is discovered."

The duty which a railroad company owes to a trespasser is well settled. That duty is that the trespasser is not to be wilfully and wantonly injured after his presence is discovered. In *Pollard v. Todd*, 62 *Ga. App.* 251, 257 (8 S. E. 2d, 566), this court held: "It is apparently conceded in the briefs of counsel for the defendant in error that the deceased was a trespasser at the time of the homicide, and that the duty of the railroad to protect him did not arise, under the circumstances of the present case, until the engineer saw him on the tracks of the defendant. 'Ordinarily the only duty owing by a railway company to a trespasser upon or about its property is not to wantonly or wilfully injure him after his presence has been discovered.' *Hammontree v. Southern Railway Co.*, 45 *Ga. App.* 728 (165 S. E. 913) ; *Young v. South Georgia Railway Co.*, 34 *Ga. App.* 537 (130 S. E. 542) ; *Central of Georgia Railway Co. v. Stamps*, 48 *Ga. App.* 309 (3) (172 S. E. 806) ; *Dodson v. Southern Railway Co.*, 55 *Ga. App.* 413, 418 (4) (190 S. E. 392) ; *Ashworth v. Southern Ry. Co.*, 116 *Ga.* 635 (43 S. E. 36, 59 L. R. A. 592). 'Even where a person on the track is in fact discovered, it is the general rule that a railway company is authorized to act on the presumption that a person apparently of full age and capacity, standing or walking along or near its track, will leave it in time to save himself, unless it should also appear that such trespasser is in an apparently incapacitated or helpless condition, so that he could not reasonably be expected to extricate himself from his peril.' *Hammontree v. Southern Railway Co., Young v. South Georgia Railway Co., Dodson v. Southern Railway Co.*, supra. It is not contended in the present case that the deceased

was otherwise than in full possession of his physical and mental powers. 'The mere failure of the employees of a railway company to discover the presence of a trespasser at a place where and a time when it was their duty to anticipate the presence of trespassers, and thereafter to take such needful and proper measures for his protection as ordinary care might require, might amount to a lack of ordinary care on the part of the railway company, but would not, in and of itself, amount to wilful and wanton misconduct.' *Hammontree* v. *Southern Railway Co., Dodson* v. *Southern Railway Co.,* supra; *Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 924). 'After the presence of a trespasser upon the track of the defendant in front of its approaching train is discovered, it becomes the duty of the agents in charge of the train to give him some warning of his dangerous position.' "

Also, to the same effect see *Cantrell* v. *Pollard,* 57 *Ga. App.* 413 (195 S. E. 766), as follows: "Wilful and wanton conduct on the part of the servants of the defendant railroad company in the operation of the train is not shown where it appears from the allegations of the petition that the presence of the deceased on the railroad track was not known to the defendant's servants in the operation of the train, although they may have known that it was the custom of pedestrians to walk along that part of the track, and the defendant railroad company through its servants in operating the train may have been negligent in failing to anticipate the presence of pedestrians on the track at that place, that the engineer operating the train did not keep a lookout ahead but, while the train was approaching the decedent, the engineer's attention was being attracted by the people at the mill along the side of the track and he was looking away from the train. *Atlantic Coast Line R. Co.* v. *Fulford,* 159 *Ga.* 812 (127 S. E. 274); *Atlantic Coast Line R. Co.* v. *Fulford,* 33 *Ga. App.* 631 (127 S. E. 812); *A. & W. P. R. Co.* v. *Pressley,* 44 *Ga. App.* 142 (160 S. E. 663); *Hammontree* v. *Southern Railway Co.,* 45 *Ga. App.* 728 (165 S. E. 913); *Dowdell* v. *Central of Ga. R. Co.,* 50 *Ga. App.* 712 (179 S. E. 414); *Southern Railway* v. *Evans,* 56 *Ga. App.* 177 (192 S. E. 505). The cases of *Vaughn* v. *L. & N. R. Co.,* 53 *Ga. App.* 135 (185 S. E. 145), and *Goswick* v. *W. & A. R. Co.,* 54 *Ga. App.* 164 (187 S. E. 205), are clearly distinguishable."

In a case involving the same principle, *Southern Railway Co.* v.

*Lomax,* 67 *Ga. App.* 406 (20 S. E. 2d, 437), this court rendered an opinion to the same effect: "1. 'Ordinarily the only duty owing by a railway company to a trespasser upon or about its property is not to wantonly or wilfully injure him after his presence has been discovered.' *Hammontree* v. *Southern Railway Co.,* 45 *Ga. App.* 728 (165 S. E. 913); *Young* v. *South Georgia Railway Co.,* 34 *Ga. App.* 537 (130 S. E. 542); *Ashworth* v. *Southern Ry. Co.,* 116 *Ga.* 635 (43 S. E. 36, 59 L. R. A. 592). 2. 'The mere failure of the employees of a railway company to discover the presence of a trespasser at a place where and a time when it was their duty to anticipate the presence of trespassers, and thereafter to take such needful and proper measures for his protection as ordinary care might require, might amount to a lack of ordinary care on the part of the railway company, but would not, in and of itself, amount to wilful and wanton misconduct.' *Hammontree* v. *Southern Railway Co.,* supra; *Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 924)." See *Central of Georgia Railway Co.* v. *Tapley,* 145 *Ga.* 792 (89 S. E. 841).

The petition nowhere alleges that the servants operating the train ever saw the plaintiffs' truck. It is, in fact, drawn on the theory that the engineer did not see the truck because he was not keeping a proper lookout. We have been unable to find any authority of the Supreme Court or of this court which would authorize a recovery under such facts as are alleged in the instant case. The facts of this case distinguish it from *Pollard* v. *Blackburn,* 55 *Ga. App.* 548 (190 S. E. 621). In that case the adequacy of the crossing was involved, which at least contributed to other causes alleged which resulted in damage. In the instant case it is only alleged in this respect that the driver of the truck "lost control of said truck and ran into a ditch on the left and northerly side of said public road."

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*